RICHARD AVELING, ADMINISTRATOR OF THE ESTATE OF ROBERT AVELING, DECEASED, v. THE NORTH-WESTERN MASONIC AID ASSOCIATION.

*Benefit associations—Certificate of membership—Beneficiaries—Will.*

In this case it is held that while, technically speaking, the decedent may not have died seized of the insurance held by him in the defendant association, his intention was to pass it by his will to plaintiff, as also all of his other property, and the judgment is affirmed.

Error to Wayne. (Reilly, J.) Argued June 22, 1888. Decided October 19, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*E. H. Flinn* and *W. I. Culver (Edwin F. Conely,* of counsel), for appellant, contended:

1. The decedent did not die seized of the insurance. It constituted no part of his estate, nor would it pass to the administrator, or be included in a general devise of his estate; citing *Benefit Ass'n v. Priest,* 46 Mich. 429; *Benefit Ass'n v. Firnane,* 50 Id. 82; *Ballou v. Gile,* 50 Wis. 614; *Folmer's Appeal,* 87 Penn. St. 133; *McClure v. Johnson,* 56 Iowa, 620; *Olmstead v. Society,* 37 Kan. 93 (14 Pac. Rep. 449).

2. The insurance, therefore, in the absence of a specific devisee thereof, under the power of appointment contained in the certificate, would pass directly to the heirs at law as the persons who would take under the contract; citing *Arthur v. Ben. Ass'n,* 29 Ohio St. 557; *Fenn v. Lewis,* 10 Mo. App. 478; *Bishop v. Curphey,* 60 Miss. 22; *Ins. Co. v. Miller,* 13 Bush, 489; *Duvall v. Goodson,* 79 Ky. 224 (9 Ins. Law J. 901); *Ben. Ass'n v. Clendinen,* 44 Md. 429; *Greeno v. Greeno,* 23 Hun, 478; *Ben. Ass'n v. Sears,* 114 Ill. 108.

*Oscar M. Springer (Henry A. Chaney,* of counsel), for plaintiff, contended:

1. If any precedent is needed for treating an ordinary devisee as the proper beneficiary, it may be found in *Smith v. Ben. Ass'n,* 24 Fed. Rep. 685; *Worley v. Aid Ass'n,* 10 Id. 227.

MORSE, J. The defendant is a corporation organized and existing under the laws of the state of Illinois.

March 5, 1885, it issued to Robert Aveling a certificate of insurance, in which it agreed to pay the sum of $2,500 upon his death—

"To his devisees, or, if no will, to the heirs at law of said Robert Aveling."

Robert Aveling died on February 21, 1887, leaving the following last will and testament:

"I, Robert Aveling, of the township of Springwells, county of Wayne, State of Michigan, being in good health and sound mind and memory, do make this my last will and testament:

"I will, devise, and bequeath all those certain lots, known as lots 115, 116, 117, and 118 of J. W. Johnson's subdiv. of the east half of private claim 78, in the township of Springwells, joining the city of Detroit, north of the Chicago road, so called; also the undivided one-half of lot 124, same subdivision, with all the appurtenances thereon. I also devise and bequeath all other property of which I shall die seized, real, personal, and mixed, especially all money in Detroit Savings Bank and Wayne County Savings Bank, Detroit, Mich., all bonds and notes and stocks, to Richard Aveling, of the city of Detroit, county of Wayne, State of Michigan, to him, his heirs and assigns forever.

"Witness my hand and seal at   *   *   *   aforesaid.

                "ROBERT AVELING.   [Seal.]

"Signed, sealed, and declared to be the last will and testament of the testator, in our presence and in the presence of each other, who at his request have signed our names as witnesses, this   *   *   *

                    "JOHN THOMAS.

                    "ARTHUR GARD."

This will was admitted to probate in Wayne county, May 10, 1887, and on the same day his brother, the plaintiff, was duly appointed administrator of his estate,

with the will annexed. He demanded of the defendant payment to himself of the entire sum due on the certificate. Payment being refused, he brought this suit. He recovered in the court below.

The suit is defended by the defendant on the sole ground—

" That the certificate of insurance does not make the right to the insurance depend upon the accident of being named in the will as a devisee of something else, but that it confers upon the insured a power of appointment, under or by virtue of which he may designate in his will the devisee or devisees of his insurance. In case the insured fails to exercise this power of appointment, the insurance passes directly to his heirs at law."

It was shown upon the trial that the deceased left surviving him one sister and the children of a deceased sister.

It will be seen by the will that the plaintiff is the sole devisee of all the property of the decedent. But it is argued that, although he is the sole and general devisee, the testator in his will specifically named most of the property, if not all of it, bequeathed to plaintiff, and made no mention of the insurance, thereby showing no intent to will it to him, as the words "shall die seized" would not include the insurance, as he did not die seized of it; that such insurance would not pass to his administrator, nor would it be included in a general devise of his estate, as it constituted no part of his estate at the time of his death.

While, technically speaking, the decedent may not have died seized of this insurance, we are satisfied that he intended to pass his insurance, as well as all of his other property, to the plaintiff.

The circuit judge was right, and the judgment will be affirmed, with costs.

The other Justices concurred.