## JOHN S. MORGAN, SR., v. HOG RAISERS MUTUAL INSURANCE COMPANY.

### FILED JULY 10, 1901.   No. 12,092.

Commissioner's opinion, Department No. 1.

1. **Mutual Insurance Company:** LIMITED LIABILITY. A mutual insurance company organized under chapter 46, Session Laws, 1899, can not by contract limit the number or amount of assessmer' for which its members are liable.

2. **Void Contract.** That portion of a contract of insurance between a company organized under the provisions of chapter 46, Session Laws, 1899, and one of its members, which seeks to limit the liability of a member as to number or amount of assessments, is contrary to law and can not be sustained.

3. **Continuing Liability.** The liability of a member of such insurance company to pay his proportionate share of all assessments required to satisfy the indebtedness of the company is a continuing one so long as he remains a member of the company.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Affirmed.*

*T. M. Wimberly* and *A. G. Greenlee,* for plaintiff in error.

*E. J. Clements, contra.*

KIRKPATRICK, C.

This is an action brought by the defendant in error, the Hog Raisers Mutual Insurance Company, against John S. Morgan, Sr., plaintiff in error, to recover the sum of $23.65, being a nine per cent. assessment on the amount of his insurance made to cover losses sustained by the members of the company. Judgment was entered in the district court for the company, and Morgan brings his case here by proceeding in error.

The defendant in error organized under the provisions of chapter 46, Session Laws, 1899, providing for the organization of mutual insurance companies to insure against loss of hogs by disease. From the record it appears that plaintiff in error made an application in due form to the insurance company for insurance on his hogs in the sum of $250. His application was approved, a policy was issued to him and he became a member of the company. At the time of making his application plaintiff in error paid the company $5, and signed an application, which, among others, contained a clause in the following language: "Future liability of the applicant for assessments or otherwise under this application or the policy issued thereon shall not exceed double the amount paid for this policy, as stated on the back of this application." The policy issued by the company contained, among other provisions, one as follows: "Future liability of the applicant for assessments or otherwise under his original application, or this policy issued thereon, shall not exceed double the amount paid for this policy, as stated on the back hereof." It appears that two assessments were made against plaintiff in error, which he paid, aggregating $10, which was double the amount he paid when he made his application, and, according to the foregoing provisions in the application and policy, was all he was obliged to pay. The sole question presented by the record in this case is whether or not plaintiff in error can be required to pay an additional assessment of nine per cent., which is his

proportionate share of the losses and expenses of the company. A determination of this question requires a consideration of sections 130, 137 and 140 of chapter 43, Compiled Statutes 1899, which are. part of the statute under which the company was organized, and for convenience they will be set out:

"Sec. 130. All persons who take insurance in such company shall thereby become and continue members of such company during the period their insurance is in force and no longer. Such persons shall sign an application obligating themselves to pay all assessments made for losses sustained by a member and expenses of such company while they continue members of such company, and they shall also at the time of taking such insurance pay such an amount in cash as the by-laws may require."

"Sec. 137. If any member for the space of thirty (30) days after personal notice of assessment, or by having the same mailed to him or her directed to the post office stated in the application for insurance, shall neglect or refuse to pay the sum assessed, then such company may sue for and recover such amount, together with costs. Suits at law may be brought against such company by the members thereof for the loss sustained if payment is withheld after the same becomes due."

"Sec. 140. Whenever the liabilities of such company shall exceed the amount of cash on hand there may be an assessment on the members payable in cash within thirty (30) days thereafter. No assessment shall be made on a member for liabilities incurred prior to his or her membership. Any member shall be excluded from all benefits of insurance during all the time in which he or she may be in default of payment of assessments. Such company by proper provisions in the by-laws may elect to make only an annual assessment, and no member shall be liable directly for losses and expenses otherwise than as in this act provided. In such event should it become necessary such company may borrow money to pay its losses and expenses to the date of the annual assessment."

From an examination of these sections it very clearly appears, first, that the person becoming a member is by law obliged to pay all assessments necessary to satisfy the losses and expenses of the company arising during his membership; second, that it is the duty of the board of directors of the company to make assessments whenever money is required to meet claims against the company; third, that upon failure of the members to pay for thirty days after notice of an assessment, the company is authorized to maintain a suit to collect such assessment. It was the manifest intention of the legislature that all losses and expenses of the company should be paid, and under the law as we find it the member must respond to any and all assessments required to satisfy the indebtedness of the company.

It is claimed by plaintiff in error that each member of the company made a like contract with plaintiff in error, limiting his liability, and that each member must be held to have contracted to accept in full of his loss the proportionate share realized from the assessments provided for in the application and the policy. We find no merit in this contention. The law in force when the contract was made entered into and became a part of it, and members of a mutual insurance company, such as defendant in error, will not be permitted to avoid a liability created by statute in the manner attempted in the case at bar. *Russell v. Berry,* 16 N. W. Rep. [Mich.], 651.

There appears to be no error in the judgment of the trial court, and it is therefore recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the trial court is

AFFIRMED.