SMITH v. CIGARMAKERS' INTERNATIONAL UNION OF
AMERICA.

1. INSURANCE—LIFE INSURANCE—MUTUAL BENEFIT ASSOCIATIONS
   —CONSTRUCTION OF CONTRACT.
   A contract of insurance, prepared by a mutual benefit asso-
   ciation in accordance with its constitution, is to be most
   strongly construed against it.

2. SAME.
   Where such constitution recognized that the death benefit
   might be disposed of by will, held, to authorize the con-
   struction that it might be regarded as an asset of in-
   sured's estate, although otherwise not technically such.

3. SAME—POWERS—STATUTES.
   Under 3 Comp. Laws, §§ 11592, 11593, relating to and abol-
   ishing all powers except those authorized by statute, the
   technical rule relative to the exercise of a power by will
   is not, in Michigan, controlling; so where the constitution
   of a mutual benefit association authorized a member to
   appoint his beneficiary by will, and by his will he left all
   of his property to his daughter, his sole heir at law, with-
   out specifically designating her as beneficiary of the death
   benefit, it not appearing that he had appointed any other
   beneficiary, held, to be an exercise of the right, the will
   otherwise being purposeless.[1]

Error to Washtenaw; Kinne, J.   Submitted June 6,
1918.   (Docket No. 61.)   Decided September 27, 1918.

Assumpsit by Hattie E. Smith against the Cigar-
makers' International Union of America for the
amount of a benefit certificate.   Judgment for defend-
ant on a directed verdict.   Plaintiff brings error.   Re-
versed.

*William H. Murray*, for appellant.

*A. J. Sawyer* and *H. A. Balser*, for appellee.

[1]See note in 42 L. R. A. (N. S.) 1161.

STEERE, J.   Aaron Long, by occupation a cigar maker, died at the city of Ann Arbor in the home of plaintiff, his only daughter, on June 23, 1915, being then over 72 years of age.   He left a will dated September 21, 1914, making plaintiff his sole beneficiary. At the time of his death he was a member in good standing of the defendant Cigarmakers' Union and had so been since 1885.   The constitution of this union contains an insurance feature in the form of death benefits to its members in good standing at the time of their demise, increased by stages for duration of membership.   Fifty dollars is provided for funeral or cremation expenses on the death of any member, and including this, that—

"there shall be paid on the death of a member the following sums, viz., if the decedent shall have been a member continuously for five years or longer period less than ten years next preceding his death the sum of $200.   *   *   *   If the decedent shall have been such member continuously for 15 years or longer period next preceding his death the sum of $550."

Plaintiff, as sole beneficiary under deceased's will, made seasonable application to defendant, with proper proof of death, relationship, etc., for payment of the amount provided for a member in good standing for 15 years or longer preceding his death, which was refused and this suit commenced.   The $50 provided for funeral expenses was paid after commencement of the suit, leaving the amount claimed by her and in litigation $500, which defendant declined to pay on various grounds, but mainly because plaintiff was not specifically designated in her father's will as beneficiary of his death benefit.   Upon trial of the case by jury a verdict was directed for defendant on the ground that deceased had not properly, in compliance with the constitution of defendant, designated any person to whom his death benefit should be paid.

Plaintiff's nine assignments of error involve but the main meritorious question of whether Aaron Long as a matter of law designated appellant in his will as the beneficiary of his death benefit, to which he was entitled as a member of the defendant union; and, if not, whether under the facts shown the question of intent should have been submitted to the jury as bearing upon the construction of his will.

Deceased lost his wife not long before he executed this will. Following her death he called upon the president and secretary of defendant's local lodge at Ann Arbor and talked with them in relation to his death benefit, after which he had prepared and executed his will which, aside from formal matter—provision for payment of his debts and the appointment of his daughter as executrix—is as follows:

"*Second*, I give, devise and bequeath to my only surviving child, Hattie E. Smith, of Ann Arbor city, Michigan, all property of which I may die possessed, real, personal or mixed, or which I may be entitled to at the time of my death, she, the said Hattie E. Smith, to have and to hold full title thereto all except what may be required to fulfill the first mentioned item (payment of debts and funeral expenses) of this my last will and testament which I have this day made by reason of the recent death of my beloved wife, Mary J. Long."

Upon the subject of death benefits, section 144*c* of defendant's constitution provides as follows, so far as material:

"A member may at any time designate the person or persons to whom his death benefit shall be paid. Such designation shall be in writing, signed by such member and witnessed by the secretary of the local union * * * and such member may at any time thereafter in like manner change such designation. If there be no such designation, or if the paper making such designation be not deposited with the president of the International Union within 30 days after

the death of such member, such benefit shall be paid to the widow of such deceased member; if there be no widow, then to the minor children of such deceased member; if there be no widow and no minor children of such deceased member, then to any relatives of the deceased member, who at the time of his death were dependent for support in whole or in part upon such deceased member. If there be no written designation produced and deposited, as above required, no widow, no minor children, nor such dependent relative of such deceased member, or if no application in writing as hereinafter provided for the payment of such death benefit shall be made within one year next after the death of such member, then all right and claim of any and every person to such death benefit shall wholly cease and determine. This application shall state (proof of death, etc.).   *   *   *

"In case the designation of the beneficiary of any such death benefit is made by a will the original of which is required by law to be filed in court, a certified or sworn copy of such will in lieu of the original may be deposited."   *   *   *

It is undisputed that, acting under the last quoted provision, plaintiff made application through the proper channels for the death benefit, furnishing a proper certificate of death, probation of the will, a certified copy of the same showing that the original was required by law to be filed in the probate court. And no question as to time or manner of application for payment of benefit is raised, defendant's denial of liability being squarely planted upon the proposition that deceased's personal rights as a member of the union in the benefit fund were merely a power to appoint or designate, and change, the beneficiary or beneficiaries during his lifetime in the prescribed form specified in his contract of membership, evidenced by the constitution of the order and that he failed to exercise that right, its counsel stating in their brief:

"An examination of the will shows that as a matter of fact the will does not designate a beneficiary of the

death benefit because the death benefit is not mentioned, * * * The exact question is whether words disposing of testator's property, 'real, personal or mixed,' disposed of this benefit." * * *

Deceased's will was duly admitted to probate on July 9, 1915, in the probate court of Washtenaw county. The inventory and appraisal of his estate shows real and personal property valued at approximately $5,000, consisting of $4,000 worth of real estate, $606.12 in bank, $57 pension check and a bill for some furniture sold. The benefit right in question was not inventoried or appraised and no reference to it appears in the records of probation.

It is pointed out by the defense that this benefit right under deceased's contract of membership in the union was no part of his estate, but to him only a power of designation, and urged for that reason, with citation of sustaining decisions from other jurisdictions, that the bare bequest of his entire estate to plaintiff does not entitle her to the death benefit accruing under his membership, as it is not a part of his estate. The decisions cited are chiefly based on the recognized general rule that in respect to the execution of a power by will there should be reference to the subject of it, or to the power itself, except in those cases where the will would otherwise be inoperative and the intention to execute the power becomes clearly manifest. Relying upon those decisions and invoking the technical rule relating to powers, defendant points out that deceased's will does not mention any power or subject to which it relates, or express any intention in relation to it, while he had other property upon which the will operated. This view was adopted by the trial court, and a verdict directed for defendant, followed by judgment thereon.

Not claiming as a strict proposition of law that this death benefit was a part of deceased's estate, it

is contended for plaintiff that it was a right in relation to property which he was authorized to confer upon a designated beneficiary in prescribed manner during his lifetime; that he was authorized to do so by will, as though it were part of his estate although technically not such; that plaintiff was his sole heir under the law of inheritance, rendering a will unnecessary and for all practical purposes inoperative except to exercise by it the authority, or power, given him by his membership contract to designate her as the beneficiary of the death benefit, which the language used in it and attending circumstances clearly indicate was his intent; and urging further that the general rule as to powers relied upon by defendant is not recognized in this State as of controlling application to death benefits provided for by mutual associations, or unions, of this nature under the ruling in *Aveling* v. *Masonic Aid Ass'n*, 72 Mich. 7 (1 L. R. A. 528). In that case the defendant association had issued a certificate of insurance to Robert Aveling payable upon his death to his devisees, or, if no will, to his heirs at law. He left a will disposing of certain described real estate, and "all other property of which I shall die seised, real, personal and mixed, and expressly all money in (certain banks), all bonds and notes and stocks to Richard Aveling," his brother, nowhere in said will making reference to the insurance, or death benefit certificate, he held from defendant. The will was admitted to probate in Wayne county and plaintiff, having been appointed his administrator *cum testamento annexo*, demanded of defendant the sum due on the certificate. This was refused because the will made no mention of the insurance, the right to which under the certificate did not "depend upon the accident of being named in the will as devisee of something else, but that it confers upon the insured a power of appointment, under and by

virtue of which he may designate in his will the devisee or devisees of his insurance," and not being a part of his estate it was not included in a general devise of deceased's personal property. Of this contention the court there said:

"While, technically speaking, the decedent may not have died seised of this insurance, we are satisfied that he intended to pass his insurance as well as all his other property to the plaintiff."

The logic of this conclusion necessarily is that, while not technically and as a general proposition of law a part of deceased's estate, under his special relations with defendant and its character the contract prepared by it ostensibly for his protection should be construed, between the parties, as authorizing him to treat it as an asset of his estate when disposing of it by will. In the instant case the intent is much more manifest, from the instrument itself which makes no mention of any specific items or kinds of testator's property to the possibly implied exclusion of others, and from the fact plaintiff was both his sole heir and only devisee.

This will was purposeless and could accomplish nothing in respect to deceased's evident desire to leave his daughter everything he owned or had a right in relation to, except as it served to confer on her his death benefit. He stated in the will itself that his reason for making it was the recent death of his wife who, if she survived him, would have been the beneficiary under defendant's constitution had he made no designation by will or otherwise. He bethought himself of his benefit for which he had been paying dues for nearly 30 years and shortly before he made the will talked upon the subject with the secretary of defendant's local lodge. Eliminating from consideration all testimony as to this secretary's admissions of what advice he gave deceased, which his denial makes an

issue of fact, and striking out questioned testimony of plaintiff as to what her father showed and told her, which was objected to, we are well satisfied from the unquestioned and undisputed evidence that deceased intended to designate plaintiff in his will as the beneficiary of his death benefit, and believed he had done so.

In *Catholic Benefit Ass'n* v. *Priest*, 46 Mich. 429, where the rules of the association provided that a death benefit should be paid "to the person or persons as named by deceased and entered by his order on the will book," with the right reserved to change the same, a question arose over the right of deceased to change by an ordinary will a previous disposition entered in the will book. Recognizing that this beneficiary fund did not technically become a part of deceased's estate, or subject to his debts, the court nevertheless held that the will must govern in so far as it named the persons and amounts, saying:

"Very clear and binding provisions must be shown to deprive a person of the right given him by the laws of the land to dispose of such a fund by his last will."

Deceased's right in this death benefit required at least 15 years' faithful membership with payment of dues, which must be continued thereafter as long as he lived in order to retain such right. His contract with defendant as to the disposition of it after his death is embodied in defendant's constitution, prepared by, or for it, and any obscure provisions are to be most strongly construed against the maker. In the section relating to designation of beneficiaries, it supplementally recognizes in general terms that such designation may be made by will, an instrument in writing popularly and in law recognized as the legal direction or expression of the testator's wishes as to the disposition of his property and property rights, real, personal or mixed, after his death. In view of

the relations of the contracting parties, the subject-matter and assumed character of this benefit association, it does no violence to the language used to construe this authority to designate the beneficiary by will as meaning that, between the parties, for the particular purpose of designation and distribution, the provided death benefit, in its nature personal property, may be included with and regarded as an asset of the member's estate, although otherwise not technically such.

The technical rule relative to exercise of a power by will, as evolved in the complicated development of that subject, is not in this State imperatively controlling in the disposition of a life benefit of this nature, in its attributes purely personal property. Even at common law the recognized exercise of that power, through the medium of the statute of uses, relates primarily and almost exclusively to real estate, while in this jurisdiction all powers except as authorized by statute are abolished (section 11592, 3 Comp. Laws 1915) and:

"A power is an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner granting or reserving such power might himself lawfully perform." Section 11593, 3 Comp. Laws 1915.

While it is not to be claimed this statute wipes the word "power" from our legal vocabulary with all its varied meanings which lexicographers have accumulated, even in proceedings relating to personal property, it at least frees the word from the magic of bewildering technicalities with which the common law has invested it and renders less significant here the decisions in other jurisdictions which recognize the full force of common-law powers and apply them to personal property rights.

203—Mich.—17.

Under the unquestioned facts and circumstances of this case, and the provisions of deceased's contract with defendant authorizing him in general terms to appoint his beneficiary by will, and it not appearing that he had appointed any other beneficiary, we are satisfied that he intended to and did exercise that right within the meaning of their agreement as fairly interpreted, and by this will has designated plaintiff as such beneficiary. A verdict should have been directed for plaintiff.

The judgment is therefore reversed, with costs, and a new trial granted.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.