BELAND *v.* CIGARMAKERS' INTERNATIONAL UNION OF
AMERICA.

INSURANCE — MUTUAL BENEFIT ASSOCIATIONS — DESIGNATION OF
BENEFICIARY.
> Where a wife's will gave and bequeathed to the husband
> all of her estate of which she might die seized, or which
> she might be entitled to at the time of her death, *held*,
> since the husband was the sole heir of the wife and the
> making of the will was otherwise purposeless, to be the
> exercise of her right to appoint him beneficiary in a
> benefit policy in the cigarmakers' union.

Case-made from Wayne; Davis, J., presiding. Submitted April 22, 1919. (Docket No. 73.) Decided May 29, 1919.

Assumpsit by Peter Beland against the Cigarmakers' International Union of America for the amount of a benefit certificate. Judgment for plaintiff. Defendant appeals. Affirmed.

*A. P. Entenza,* for appellant.

*Charles C. Stewart* and *William C. Gottman,* for appellee.

FELLOWS, J.   The material facts in this case are substantially identical with those in *Smith* v. *International Union,* 203 Mich. 249. The defendant here was defendant there and the provisions of its constitution here involved will be found in the opinion in that case together with its claim which is substantially the same in both cases. In the instant case plaintiff's wife became a member of defendant in 1889 and was in good standing at the time of her death. She died on April 18, 1918, without having made a written

On right to designate by will the beneficiary of benefit insurance, see note in 42 L. R. A. (N. S.) 1161.

designation of beneficiary except by her will, which was as follows:

"I give, devise and bequeath to my husband, Peter Beland, any and all estate of which I may die seized, or which I may be entitled to at the time of my decease."

Here, as in that case, the plaintiff was the sole heir of decedent and there was no purpose in making the will, which was executed shortly before decedent's death, except to confer on plaintiff the death benefit; as was there said:

"This will was purposeless and could accomplish nothing in respect to deceased's evident desire to leave his daughter everything he owned or had a right in relation to, except as it served to confer on her his death benefit."

In that case this court concluded that:

"Under the unquestioned facts and circumstances of this case and the provisions of deceased's contract with defendant authorizing him in general terms to appoint his beneficiary by will, and it not appearing that he had appointed any other beneficiary, we are satisfied that he intended to and did exercise that right within the meaning of their agreement as fairly interpreted, and by this will has designated plaintiff as such beneficiary."

The instant case is controlled by that case and it would be superfluous to enlarge upon or repeat what was there fully considered.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.