## Stark, et al. v. Sovereign Camp, Woodmen of the World.

(Decided November 30, 1920.)

### Appeal from Fulton Circuit Court.

1.   Beneficial Associations—Unenforceable Certificate.—A beneficial certificate in a mutual secret society which contains a clause at the head of the certificate, "payments to cease after 20 years," but by the terms of which certificate each member is required to pay dues so long as he remains a member of the order, and it appears that benefits are paid and can be paid by the organization only through the collection of such dues, and each member is dependent upon the payment of dues by others for the insurance which his certificate guarantees, the "payment to cease clause" is unenforceable.

2.  Beneficial Associations—Ultra Vires.—The officers of a mutual benefit association who without constitutional authority, prints on the face of the benefit certificate or policy of insurance, a clause "payment to cease after 20 years," can not bind the society by such clause, for their act in placing it on the certificate and the act of the society in issuing the same is ultra vires.

F. S. MOORE for appellants.

WELLS & KEYS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This litigation was commenced in equity by Stark and wife to obtain a mandatory injunction against the appellee, Sovereign Camp, Woodmen of the World, to compel it to issue and deliver to Stark a paid up beneficiary certificate for $1,000.00, and to enjoin the organization from collecting or attempting to collect other dues from him, and also to recover of the association certain dues paid by him after the expiration of the twenty-year period, averring that he had in 1897 obtained a certificate or policy from said association containing a clause relieving him from payment of dues after the expiration of twenty years from its date, and that said period had expired in 1917 before the commencing of this action, but that said association was threatening to cancel and annul his certificate unless he continued to pay all dues and assessments made by the camp on him as a member. A general demurrer was sustained to the petition; the petition was then amended and a demurrer sustained to the petition as amended. The plaintiffs then stood upon the demurrer and judgment was entered dismissing their petition, and they appeal.

The beneficiary certificate which is the subject of this litigation bears a large engraved heading, the first words of which are "Beneficiary Certificate," "Sovereign Camp."

To the left of this large caption are the words, "Number 2835, Tenn., age 51;" on the right hand side of the page are the words: "Amount, $1,000.00. Rate, 1.30. Payments to cease after 20 years." Just below these words and in the center of the page likewise in very large letters are the words, "Woodmen of the World." The certificate then reads:

"This certificate, issued by the Sovereign Camp of the Woodmen of the World by its authority. Witnesseth, that Sovereign Thomas A. Stark, . . . is while in

good standing . . . entitled to participate in its beneficiary fund to the amount of one thousand dollars payable at his death to his wife, M. L. Stark by this Sovereign Camp . . . This certificate is issued and accepted subject to all the conditions on the back hereof and all the conditions named in the constitution, and laws of this fraternity, and liable to forfeiture if said Sovereign shall not comply with said conditions, constitution, and laws and such by-laws and rules as are or may be accepted by the Sovereign Camp . . . of which he is a member at the date of his decease.''

Among other things there is printed on the back of the certificate the following:

''This certificate is issued in consideration of . . . his (Starks) agreement to pay all assessments and dues that may be levied during the time he shall remain a member of the Woodmen of the World.

''In case of his death while a member in good standing his beneficiary (wife) shall receive such sum as may be collected from an assessment upon all members according to the certificate held by each, but shall not exceed the amount stated on the face of this certificate.''

This further condition is printed on the back of the certificate:

''If . . . dues, or beneficiary fund assessments levied against the person named in this certificate shall not be paid to the clerk of his Camp, . . . this certificate shall be null and void and continue so until payment is made and the requirements of said constitution and laws have been fully complied with.''

It will thus be seen that this whole controversy centers around the clause at the head of the certificate, ''Payments to cease after 20 years.'' Stark made a written application for membership in the order which he signed and which according to its terms was to become and be a part of the contract for insurance. That application when read in connection with the certificate and its terms above quoted plainly shows the organization to be a beneficial mutual association in which each member is both an insurer and an insured. Each member is obligated to contribute to the payment of all death benefits of brother members and is himself insured in like manner. There is no stock issued by the organization, but each member guarantees a certain fixed part of the death benefits going to brother members while he enjoys a similar guarantee from all other members in

good standing. Through this mutual arrangement all members of the association are insured and only enough is collected in monthly premiums from members to barely carry the insurance written. Being a member of the organization each member must be presumed to be fully conversant with all the provisions of the constitution of the order, by-laws, rules and regulations thereof.

It is the contention of appellants, Stark and wife, that the certificate in question by its terms releases Stark from payment of dues after the expiration of twenty years from March 1, 1897, the date of its issual, and this contention is based wholly upon the clause in the certificate quoted above, "payments to cease after 20 years," for there is no other language in the certificate which in the slightest way intimates that Stark was to be relieved of the payment of dues after the expiration of the twenty year period, but the provisions of the certificate when read as a whole clearly indicate that Starks was to pay all dues and assessments "that may be levied during the time he shall remain a member of the Woodmen of the World" irrespective of the twenty year period. We have no doubt that the grand officers of the order had in mind and fully intended at the time of the issual of the certificate that Stark should be relieved of the payment of dues at the end of twenty years from the date of the certificate, but it is conceded that there was no authority in the charter, constitution, by-laws, rules or regulations of the society vesting in such officials authority to issue such certificate.

For the appellant organization it is contended:

(1) That as a mutual, fraternal, beneficial and benevolent order, organized and conducted as a fraternal society without profit, solely for the benefit of its members and under a representative form of government, the society had no right or power to issue term insurance or limit payment certificates.

(2) That Stark agreed to be bound by all valid laws and rules of the order in existence at the time he joined, and also by such laws, rules and regulations subsequently enacted by the order, and the words in the certificate upon which he now relies were repealed and stricken from the certificates by the supreme body of the order before the expiration of the twenty year period and while the contract was yet executory, he is not in position to complain and can not dispute the right of the associa-

tion to so alter its by-laws and change the terms of its certificate.

(3)  The attempt of the officer of the association to issue certificates providing for payment to cease after a term, were beyond the powers of the corporation and oustide of its corporate franchise, and therefore *ultra vires* and void.

With respect to the first and third contentions it may be said that a society or corporation, organized for social, fraternal, beneficial and benevolent purposes without hope of profit, and having a representative form of government, can make no contract nor issue any certificate except those specifically mentioned and described in its charter, constitution and by-laws, and a member of the order, being a beneficial member of the corporation and as potent as any other member therein, with all sources of information concerning the nature, character and purpose of the society, at his command, must be presumed to and held to be entirely familiar with all the powers and duties of the society and to know the nature and character of certificates which it was entitled to issue and the force and effect thereof, and that a certificate which contained a "payment to cease clause" was beyond its power because not authorized by either the charter, constitution or by-laws of the association. Stark was not therefore misled by the clause at the head of the certificate, "payments to cease after 20 years," for he must have known as one of the insurers as well as the insured that his society, part and parcel of which he was, exceeded its authority in attempting to issue such certificate.  A contract of a corporation which exceeds the authority granted by its charter is said to be *ultra vires,* and such was the provision of the certificate under consideration, "payments to cease after 20 years." Louisville Property Co. v. Com., 146 Ky. 827; Louisville Tobacco Warehouse Co. v. Stewart, 24 R. 935.

Perhaps the most potent reason why the appellants are not entitled to the relief prayed is the fact that Stark by his application for and acceptance of the certificate bound and obligated himself to abide by all laws of the order then in force or which might thereafter be adopted by the society while he was a member.  He thus yielded his right, if any he had, to complain of the change in by-laws and terms of the certificate with reference to term insurance or containing a clause "payments to cease after 20 years."  Even had Stark under his original

certificate and contract, been entitled to the benefits of the twenty year term, he agreed that the association might change that or any other term of the certificate or the laws of the order affecting the same, and that he would abide the results. In pursuance to this agreement the constitution and by-laws of the order were amended many times during the twenty year term, and among the amendments so made was one removing from the certificates the clause "payments to cease after 20 years." This was found absolutely necessary not only to the preservation of the insurance as well as the low rates to Stark, but to the society in general, because if the society had not so amended its by-laws it would long ago have become insolvent and have passed out through the bankruptcy courts. He not only consented to these changes but he participated in them. At any rate the local camp to which Stark was attached was entitled to representation and actually had a representative in the Sovereign Grand Camp at the time the by-laws were amended, striking out the twenty year payment clause; and as one is as much bound by the acts of his duly authorized agent as by his own acts, Stark was precluded by the acts of his representative in the Sovereign Grand Camp from objecting ot the enforcement of the amendment of the by-laws.

While we are much impressed by the argument of appellants that the "vagrant clause" at the head of the certificate providing that payment should cease after twenty years, was misleading if not actually fraudulent, and induced many persons, including Stark, to become members of the organization, we are nevertheless constrained to hold the clause invalid for the reason above stated and for the additional reason that the applicant for membership immediately upon becoming a member, was a part of the association, an insurer and guarantor, and presumed to be fully cognizant of all the terms and conditions under which the association operated. The petition as amended did not state a cause of action entitling the plaintiffs to the injunctive relief sought or to the recovery of the sums paid as dues after the lapse of twenty years.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.