BERNETTIE SHARPE, APPELLEE, V. GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN, APPELLANT.

FILED MARCH 28, 1922.   No. 21983.

1. Evidence: STATUTES: JUDICIAL NOTICE. The statute of Nebraska under which a fraternal beneficiary association is organized becomes and is a controlling part of the contract between the association and its members; and the courts of this state will take judicial notice of said statute.

2. Forfeitures are not favored, and to be available as a defense to an action must be pleaded and strictly proved.

3. Insurance: FORFEITURE: INCREASE OF RATES: NOTICE. Where a fraternal beneficiary association, organized under the statute of Nebraska, raises its rate of assessment, a forfeiture cannot be en-

forced against a member for nonpayment of an assessment based on said increased rate until after notice of such change of rate has been given for the time and in the manner provided for by section 3295, Rev. St. 1913; and the burden of proving such notice rests upon the party claiming such forfeiture.

4. ———: DEFENSE OF FORFEITURE: EVIDENCE. Evidence examined, and *held* insufficient to require a submission to the jury of the defense of forfeiture pleaded and relied on by defendant.

5. **Statutes:** CONSTRUCTION. The court will not give a retrospective effect to a statute, unless it is clear from the language used that the legislature intended to give it that effect.

6. **Insurance:** ATTORNEY'S FEES: CONSTRUCTION OF STATUTE. The provisions of section 2, ch. 103, Laws 1919, requiring the court to allow plaintiff an attorney's fee to be taxed as a part of the costs in certain actions against fraternal beneficiary associations, construed, and *held* to have no retrospective effect, and not to apply to actions commenced before said statute went into effect.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. ·Affirmed.

*Nelson C. Pratt, Edward J. Lambe* and *Edward F. Leary,* for appellant.

*Will H. Thompson & Son* and *L. R. Slonecker, contra.*

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) and WELCH, District Judges.

CLEMENTS, District Judge.

The plaintiff is the widow of Marion R. Sharpe, and the beneficiary named in the fraternal benefit certificate issued by defendant to her said deceased husband, and, in this action, she seeks to recover on said certificate. The petition is in the usual form, the allegations of which are admitted in the answer. Defendant seeks to avoid liability by alleging and contending that assured failed to pay an assessment of $11.20 which became due May 1, 1917, and that by such failure he thereupon stood suspended and forfeited all of his rights as a member from and after May 28, 1917. Such forfeiture is denied by plaintiff. At the trial the defendant admitted that, under the pleadings, the bur-

den of proof rested upon it, and, at defendant's request, the trial court made an order to that effect. After the defendant had closed its case and rested, on motion of plaintiff, the court directed the jury to return a verdict for plaintiff, which was done and a judgment was rendered thereon. Defendant appeals.

The facts disclosed by the record, briefly stated, are as follows: In March, 1892, said Marion R. Sharpe became a member of the defendant society through its local lodge located at Goehner, Nebraska, and defendant thereupon issued to him the certificate sued upon. His assessment rate at that time was $1 a month. In July, 1905, it was raised to $2 and in September, 1915, to $3. Assured paid all of the assessments made against him under these various rates and all dues claimed by the defendant up to the 1st day of May, 1917. In January, 1917, defendant revised its constitution and by-laws, and thereby again raised its rates therein, stating that said new rates should go into effect May 1 of that year. By this revision Mr. Sharpe's assessment rate was increased from $3 to $11.20. Assured was a resident of Seward county, Nebraska, but on May 1, 1917, and for sometime before and after said date, he was absent from this state visiting in Kansas and California. In the early part of May, 1917, the financier of said Goehner lodge, Mr. O'Neall, received a post office money order for $3 from Sharpe's son and another for a like amount from his friend, Mr. Muir, both of which were sent for the purpose of paying Marion R. Sharpe's assessment. After receiving said money, O'Neall wrote to Sharpe telling him that his rate had been raised and that it required $8.20 more to pay his May assessment. He did not credit Sharpe on the books of the defendant for any of the money so received, but held the sum received of Mr. Muir until about the middle of June and that received of Sharpe's son until about the 1st of July, 1917, and then returned same to said parties. He refused to credit or apply this money for the expressed reason that

he understood and insisted that the new rate went into effect May 1, and the funds so received were insufficient to pay the amount required by such rate. About July 7 of that year Mr. O'Neall was notified that $11.20 had been wired to a bank in Seward to pay Sharpe's assessment, and between the 19th and 24th of July he received a post office money order of $11.20 for that same purpose, but he refused to credit or apply either of said sums, giving as his reason for such refusal that Sharpe had been suspended on May 29 and could not be reinstated without a health certificate. Sharpe died on July 21, 1917.

The defense in this case is based upon an alleged forfeiture for failure to pay an assessment. "Forfeitures are not favored, and should not be enforced unless the courts are compelled to do so." *Springfield F. & M. Ins. Co. v. McLimans*, 28 Neb. 846. "Forfeitures are looked upon by the courts with ill-favor and will be enforced only when the strict letter of the contract requires it." *Connecticut Fire Ins. Co. v. Jeary*, 60 Neb. 338; *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682. "Forfeitures are not favored, and to be available as a defense to an action must be pleaded and strictly proved." *Farmers & Merchants Ins. Co. v. Newman*, 58 Neb. 504. Under the foregoing rules, in order to establish its defense, the burden was upon defendant to prove every material fact necessary to constitute a forfeiture of the certificate sued on. This necessarily included proof that the revision and increase of rates made in January, 1917, were legal and valid, and that the new rate which raised Sharpe's assessment from $3 to $11.20, and for the nonpayment of which latter sum it is sought to enforce a forfeiture, had taken effect and was in force during the month of May, 1917. Defendant recognized this, assumed the burden of proof, and attempted to prove said facts by introducing its constitution and by-laws passed in January, 1917, by which Sharpe's new rate was fixed at $11.20 a month, and in which it is stated that said new rate should be in effect on and after May 1, 1917. De-

fendant also pleaded and proved that, in the case of *Funk v. Stevens,* 102 Neb. 681, the legality and validity of said new rate was fully determined and established. We shall assume, in the further consideration of the case at bar, that the decision in the *Funk* case established the validity of said new rate and settled all material questions therein involved and determined. We have carefully examined the pleadings in the *Funk* case, which were introduced in evidence herein by defendant, and also the opinion of this court in said case, and find that neither the question of whether any notice was required to be given before said new rates could be enforced, nor the question of when said rates went into effect was in issue or determined in that case, and said questions are therefore open for determination in the instant case.

The provisions of the statute of the state under which a fraternal beneficiary association or a mutual insurance company is organized become and are a controlling part of the contract between it and its members. Bacon, Benefit Societies, sec. 53; *Farmers Mutual Ins. Co. v. Kinney,* 64 Neb. 808; *Morgan v. Hog Raisers Mutual Ins. Co.,* 62 Neb. 446. The introduction in evidence of defendant's constitution and by-laws as revised in January, 1917, which provide that the new rates shall take effect on May 1 of that year, would, we think, be sufficient proof that said rates were in force from and after that date, if there were no provisions of the statute, of which the court takes judicial notice, which modify or control the time when such changed rate could take effect.

Section 3295, Rev. St. 1913, provides that no change or raise in the schedule of rates of a fraternal beneficiary association shall be effective "until ninety days from and after due notice of such change shall have been given by the proper officer or officers of such governing body to the members of such society through its official paper and by notice thereof to the local lodges or societies by mail to the proper officers of such local orders." There is no evidence

in the record tending to show that notice was given to members by publication in defendant's official paper, and the only evidence as to notice given to local lodges is that of Mr. O'Neall, financier of Goehner lodge, who testified that he was informed of said raise of rates in the fore part of May, 1917. Plaintiff contends that defendant failed to prove that said new rate was in force in May, 1917, and therefore the right to forfeit Sharpe's certificate for failure to pay said rate has not been established, and the trial court evidently adopted this theory.

To avoid this seemingly correct conclusion and the results which would necessarily follow therefrom, defendant asserts that said section 3295 of the statute was repealed by the enactment of the Insurance Code in 1913, has not been in force since July 13 of that year, but was at that time replaced by section 3294. All of the many authorities cited to sustain this contention recognize the well-settled rule that there are at least two necessary requisites to the repeal of a statute by implication or by a general clause repealing all conflicting acts, viz.: (1) An act which repeals another must have been passed at a later date than the one repealed; and (2) the two acts must be so inconsistent and repugnant that they cannot stand together and both be enforced. An examination of the house and senate journals of the legislature of 1913 shows that the Insurance Code (Laws 1913, ch. 154), of which section 3294 is a part, was passed, without an emergency clause, on April 15, was approved by the governor on April 18, and therefore went into effect in July, 1913; that it contained a clause repealing chapter 24 of Cobbey's Annotated Statutes of 1911, and all acts and parts of acts in conflict therewith; that section 3295 (Laws 1913, ch. 236) was passed, with an emergency clause, on April 16, was approved by the governor on April 21, and therefore went into effect at that time; that it amended and expressly repealed section 6635 of Cobbey's Annotated Statutes of 1911, which was one of the sections of

said chapter 24 sought to be repealed by the Insurance Code. It will thus be seen that when the repeal of said chapter 24 went into effect in July, 1913, section 6635 was not in existence. From the foregoing it appears that section 3295 was passed and approved on later dates than that of the passage and approval of section 3294; and it is clear that the earlier act cannot repeal the later one, even if their provisions were so repugnant that they could not both be enforced. Defendant asserts that such inconsistency and repugnancy between the two sections exist, but has failed to specify or point out, and we have been wholly unable to discover, any of their provisions which are so inconsistent or repugnant that both sections may not stand and be enforced. It is true that there is considerable duplication of language in said sections; but we are satisfied that all the provisions of both sections might properly be embodied in a single section, from which all duplications should be omitted. That the legislature did not perceive any inconsistency or repugnancy between these sections is shown by the fact that in 1919 both of said sections were reenacted.

We, therefore, conclude and hold that said section 3295, ever since its passage, in April, 1913, has been in full force and effect; that its provisions requiring 90 days' notice to be given of a change in the rate of assessment must be complied with before a forfeiture for the failure to pay an assessment based on said increased rate can be enforced. As there is no evidence in the record tending to prove that the notice of the change of rates made by defendant in January, 1917, required by said statute, was given, the proof is insufficient to establish the defense of forfeiture for the nonpayment of the May assessment based on said increased rate. The money paid to Mr. O'Neall, the financier of defendant's local lodge, for Sharpe by his son and Mr. Muir, together with the sums thereafter tendered and sent to him, were more than sufficient to pay all assessments due from assured based on the old rate. The evi-

dence was therefore insufficient to require the court to submit the defense of forfeiture to the jury, and the court was right in directing a verdict for the plaintiff.

The only remaining question which it is necessary to consider is whether the trial court erred in refusing to allow plaintiff an attorney's fee to be taxed as a part of the costs herein, which question is raised by plaintiff's cross-appeal. Plaintiff claims the right to such fee under the provisions of section 2, ch. 103, Laws 1919, which provide that, "In all cases where the beneficiary * * * *brings* an action at law, * * * the court upon rendering judgment against such * * * association shall allow the plaintiff a reasonable sum as attorney's fee * * * to be taxed as a part of the costs;" and that, if "such cause" is appealed, the appellate court shall allow an attorney's fee for the appeal proceedings. The case at bar was commenced nearly one year before the enactment of said section, and the question is: Do the foregoing provisions thereof apply to actions commenced before same were in effect, or are they limited to cases brought thereafter? It does not appear that said question has been heretofore determined by this court. It seems to have been raised in *Warren v. Grand Lodge A. O. U. W.*, 104 Neb. 810, which is cited by defendant herein to sustain its contention. But plaintiff in the *Warren* case admitted in open court that the allowance of an attorney's fee was not authorized therein, and suggested that a remittitur of the amount of such fee be entered, which was done. In *Beeler v. Supreme Tribe of Ben Hur*, 106 Neb. 853, cited by plaintiff to sustain her contention, there had been two trials in the lower court, one before and one after the taking effect of said section. An attorney's fee of $700 was allowed by the lower court. Defendant therein contended that the amount so allowed greatly exceeded the value of the service in the second trial, and that fees for service rendered before said law went into effect could not properly be included. This court reduced said fee to $350. It is therefore manifest that in neither of said cases did

this court determine, or even express an opinion on, the question under consideration.

"A court will not give a retrospective effect to a statute, unless it is clear from the language used that the legislature intended to give it that effect." *State v. Stein*, 13 Neb. 529. Also, *Commercial Bank v. Eastern Banking Co.*, 51 Neb. 766; 36 Cyc. 1205. We are unable to perceive, from the language used in said statute, any indication whatever that the legislature intended to give the provisions hereinbefore quoted a retrospective effect. On the contrary, the words, "where the beneficiary * * * brings an action," seem more appropriately to apply to a beneficiary who thereafter brings an action, than to one who commenced an action before the statute took effect. We therefore hold that the provisions of said statute above referred to do not apply to actions commenced before same took effect; that the trial court did not err in refusing to allow plaintiff an attorney's fee; and that the right to the allowance of an attorney's fee on this appeal is governed by the same rule. A like construction was placed on a similar statute in *Piedmont and Arlington Life Ins. Co. v. Ray*, 50 Tex. 511.

The judgment of the district court is in all respects right, and should therefore be, and the same is, hereby,

AFFIRMED.

---

The following opinion on motion for rehearing was filed June 22, 1922. *Former judgment of affirmative adhered to, except as to attorney's fees.*

Insurance: ATTORNEY'S FEES. Where plaintiff prevails in a suit on a fraternal beneficiary certificate, a reasonable attorney's fee, being part of the remedy only, may be taxed as an item of costs in favor of plaintiff, though the statute authorizing it was passed after the insurance contract was executed. Laws 1919, ch. 103, sec. 2. Holdings to the contrary in former opinion in this case, *ante, p.* 193 overruled.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

PER CURIAM.

This is an action by the beneficiary to recover $2,000 on a fraternal beneficiary certificate issued by defendant to Marion R. Sharpe. The action was defended on the ground that insured failed to pay an assessment when due and thus lost his insurance under the terms of the certificate. Upon a trial the district court rendered a judgment in favor of plaintiff for the face of the certificate and interest. A claim by plaintiff for an attorney's fee, however, was disallowed. Defendant appealed from the judgment against it, and plaintiff filed a cross-appeal from the refusal of the district court to allow an attorney's fee. Upon a review in this court, the judgment against defendant was affirmed and the disallowance of an attorney's fee for plaintiff was also affirmed. The facts are more fully stated in the former opinion, *ante p.* 193.

Defendant has filed a motion for rehearing, upon consideration whereof the principles of law announced in affirming the judgment against defendant and the conclusions of fact on which that judgment is based are adhered to. The motion of defendant for a rehearing, therefore, is overruled.

The sixth paragraph of the syllabus in *Sharpe v. Grand Lodge, A. O. U. W., ante, p.* 193, and that part of the opinion corresponding thereto, disallowing an attorney's fee, however, appear upon further consideration to be at variance with a former decision of this court. In *Johnson v. St. Paul Fire & Marine Ins. Co.,* 104 Neb. 831, an attorney's fee was allowed, though the statute authorizing it was passed after the contract of insurance was executed. In principle the case last cited follows former decisions. *Reed v. American Bonding Co.,* 102 Neb. 113; *Nye-Schnei-der-Fowler Co. v. Bridges, Hoye & Co.,* 98 Neb. 863; *Ward v. Bankers Life Co.,* 99 Neb. 812. These decisions are ad-

hered to, and that part of the syllabus and opinion in the present case in conflict therewith is overruled.

Plaintiff asked for a reasonable attorney's fee in this court, and the same is allowed in the sum of $100, to be taxed as costs.

The cross-appeal of plaintiff is sustained and the judgment below, in so far as it disallows an attorney's fee in the district court, is reversed, with directions to tax as costs therein a reasonable attorney's fee in favor of plaintiff. All costs in both courts are taxable against defendant. The judgment for insurance is affirmed.

JUDGMENT ACCORDINGLY.