STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, APPELLANT, V. FEDERATED MERCHANTS MUTUAL INSURANCE COMPANY, APPELLEE.

FILED MAY 28, 1928. No. 26260.

*O. S. Spillman, Attorney General*, and *T. J. McGuire*, for appellant.

*Hall, Cline & Williams* and *Roy B. Ford, contra*.

Heard before GOSS, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ., and LANDIS, District Judge.

Good, J.

This is an action in *quo warranto,* instituted by the attorney general, in the name of the state, to oust the defendant from exercising in this state powers, which it claims, of writing certain kinds of insurance. To the petition defendant interposed a demurrer, which was sustained. Relator elected to stand upon his petition, and the action was dismissed. Relator has appealed.

In the petition it is alleged that the respondent is a mutual insurance company, organized under and by virtue of the laws of the state in conformity with chapter 45, Laws 1897, and acts amendatory thereto, and that it is engaged in writing the classes of insurance under subdivisions 1, 6, 8, and 12, of section 7814, Comp. St. 1922, as amended by chapter 124, Laws 1925; that, pursuant to the provisions of section 7816, Comp. St. 1922, as amended by said chapter 124, it is unlawful for the respondent to engage in all of the lines of insurance in said several subdivisions.

Said section 7814, as amended, authorizes the formation of insurance companies to transact 14 distinct classes of insurance, each class being especially described in the corresponding number of subdivisions of the section. Section 7816, Comp. St. 1922, as amended by said chapter 124, provides:

"No company shall be formed for the purpose of engaging in any other kinds of insurance than that specified in some one of the subdivisions of section 1 of this article (section 7814, as amended), or more kinds of insurance than are specified in a single subdivision, except that a company may be formed:

"1. For the purpose specified in subdivisions one and twelve; or

"2. For the purposes specified in subdivisions two and three; or

"3. For any or all the purposes specified in subdivisions three to fourteen, both inclusive, except subdivision ten."

It will be observed that there is no combination of classes

of insurance under which an insurance company may be formed for writing insurance specified in subdivisions 1, 6, 8, and 12, and, if this were the statute under which the insurance company was formed or organized, clearly it would not be authorized to transact all the classes of insurance specified in said subdivisions 1, 6, 8 and 12. It might be organized and transact business, under the first paragraph, for the purpose of carrying on the classes of business specified in subdivisions 1 and 12, or, under the third paragraph, for carrying on the classes of business specified in subdivisions 6, 8, and 12. There is no averment in the petition as to when the respondent company was formed, nor what classes of insurance it might lawfully write when organized.

The legislature of 1925 passed another act, known as chapter 126, Laws 1925, which amended section 7816, Comp. St. 1922, and contained an emergency clause by which the act went into effect on March 31, 1925. Section 7816, as by this act amended, in so far as applicable to the case in hand, is as follows:

"No company shall be formed for the purpose of engaging in any other kinds of insurance than that specified in some one of the subdivisions of section 1 of this article (section 7814, Comp. St. 1922), or more kinds of insurance than are specified in a single subdivision, except that a company may be formed:

"1. For the purpose specified in subdivisions one and twelve; or,

"2. For the purposes specified in subdivisions two, three and five; or,

"3. For any or all the purposes specified in subdivisions three to fourteen, both inclusive, except subdivision ten; *or a mutual company may be formed for any or all of the purposes specified in subdivisions one, six, eight and twelve.*" (Italics ours.)

Chapter 126, Laws 1925, was in force from and after March 31, 1925, until, at least, the taking effect of chapter 124, Laws 1925. By the express provisions of the third

paragraph of section 7816, as amended by chapter 126, Laws 1925, mutual insurance companies were authorized to be formed for any or all the purposes specified in subdivisions 1, 6, 8, and 12. It will thus be seen that from and after March 31, 1925, until, at least, the taking effect of chapter 124, Laws 1925, which became effective three months after the adjournment of that session of the legislature, the respondent was authorized to engage in all of the lines of business which, it is averred in the petition, it is writing. The parties to the action argue, and seek to have the court determine, whether chapter 126, Laws 1925, is repugnant to and inconsistent with the provisions of chapter 124, Laws 1925, and, if so, whether chapter 124, which was passed subsequent to chapter 126, operates to repeal chapter 126, in so far as they are in conflict. We do not think it necessary to determine this question, because it is not properly presented by the record before us.

It will be observed that the language of section 7816, Comp. St. 1922, as amended by chapter 124, Laws 1925, does not purport to restrict an *existing* insurance company in the lines of business which it may write, but has reference to companies *formed* under the law. It is a general rule that statutes will act prospectively and not retrospectively, unless a contrary intent or purpose is clearly disclosed. *State v. City of Kearney*, 49 Neb. 337; *McIntosh v. Johnson*, 51 Neb. 33; *Commercial Bank of St. Louis v. Eastern Banking Co.*, 51 Neb. 766; *Sharpe v. Grand Lodge, A. O. U. W.*, 108 Neb. 193. There is nothing in the statute which indicates any intent or purpose that it should operate retrospectively. We must hold, therefore, that it was intended to operate only prospectively. Such being the case, it would not affect the right of an existing insurance company to engage in writing the classes of business which it was, under the previously existing law, authorized to write. As already observed, the law, in existence immediately preceding the time that chapter 124, Laws 1925, became effective, authorized the respondent, being a mutual insurance company, to engage in writing all lines of insur-

ance mentioned and described in subdivisions 1, 6, 8, and 12, of section 7814, Comp. St. 1922. The petition, therefore, fails to show on its face that respondent was engaged in unlawfully writing any line of insurance.

It follows that the demurrer was properly sustained, and the judgment of the district court is therefore

AFFIRMED.