EMPIRE MUTUAL FIRE INSURANCE CO. *v.* HAMMERBERG.

1. INSURANCE—MUTUAL INSURANCE—CONSTRUCTION OF AMBIGUOUS
POLICY—STATUTES.

Although rule that ambiguous wording of policy is to be con-
strued most favorably to insured is applicable to mutual in-
surance, it is not applicable where such construction would
violate provisions of statute governing policy.

2. Same—Assessments Payable.

> Statute relating to mutual insurance companies, *held*, intended to provide that policy should require liability for assessments at least equal to premiums paid (3 Comp. Laws 1929, §§ 12660, 12663).

3. Same—Five-Year Policy—Total Assessments Payable.

> Five-year mutual fire insurance policy is construed as one continuing from year to year, limited, however, to maximum term of five years, during each of which insured could be assessed for amount not exceeding premium for that year, and that total assessments for five-year period are not limited to amount of premium for one year (3 Comp. Laws 1929, §§ 12660, 12663).

Appeal from Delta; Bell (Frank A.), J. Submitted April 11, 1933. (Docket No. 76, Calendar No. 37,116.) Decided June 5, 1933.

Assumpsit in justice's court by Empire Mutual Fire Insurance Company, a Michigan corporation, against Aleck Hammerberg for assessments on a mutual fire insurance policy. Judgment for defendant. Plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Kelley, Sessions, Warner & Eger,* for plaintiff.

Butzel, J. On May 24, 1927, Aleck Hammerberg, defendant, made written application for a policy to the Empire Mutual Fire Insurance Company, a Michigan corporation. Insurer was a mutual company, organized under Act No. 256, Pub. Acts 1917, as amended (3 Comp. Laws 1929, § 12243 *et seq.*), in which members obligated themselves to pay an annual premium and necessary assessments. Prior to the cancellation of the policy, Hammerberg had paid three annual premiums, but only one assess-

ment that amounted to slightly more than one annual premium. Defendant refused to pay a second assessment, and suit was brought.

In the written application for insurance, defendant did "unreservedly guarantee the payment of all premiums and assessments levied on the policy up to the limits as provided in the articles of association." The policy itself is crudely drafted. It states that:

"In consideration of the stipulation herein named and of $21.25 premium; annually does insure Aleck Hammerberg * * * for the term of five years from the 24th day of May, 1927," etc.

The articles of association and by-laws were made part of the policy. Article 7 of the articles is as follows:

"Membership fees and/or premiums: Any person becoming a member of this company shall pay such membership fees and/or premiums as the board of directors may determine provided, however, that such liability shall not exceed one additional premium. Every person before effecting insurance in this company shall upon his application for insurance, sign such an application as may be prescribed binding such applicant to pay such assessment or premium as the exigencies may require, and this obligation in consideration of the policy issued upon it, shall constitute thereby a lien on the property insured to the extent of all liabilities assumed in said obligation. But no assessment shall ever be made upon any member of this company except to cover actual loss or damage to its members; defray the necessary expenses of the company and to create such a reserve fund as the board of directors may deem advisable, and no member shall be liable for more than his propor-

tion. The written application shall form and become a part of the policy of insurance.''

Article 12 provides as follows:

''It is the intention of this company to furnish its members insurance upon their properties or as near the actual cost thereof as shall be reasonably possible, after providing for the expenses of transacting the business of the company and accumulating such cash reserve as may be deemed necessary by the board of directors. The board of directors is therefore empowered, through its president and secretary, to determine the cost of insurance (but not exceed the limits provided in the by-laws) and the manner of making collection of premiums or payments required from members, and its determination shall be binding upon the members.

''For the equitable distribution of the cost of insurance among the members of this company insured under the advance premium policies, this company shall determine the rate which shall, as nearly as possible, express the hazards of the property to be insured. This rate shall determine the advance premium to be paid by the member upon such policy of insurance, and the member by accepting the policy assumes a contingent liability not exceeding one additional premium. If on the anniversary date of the policy the premium thereon is found to be in excess of the amount deemed necessary by the board of directors to pay its share of the losses, expenses and surplus contributions equitably assignable to said policy, then the board of directors shall order such excess returned to the member.''

Section 38 of the by-laws provided that the company should create and maintain a legal reserve at least equal to the amounts prescribed by the commissioner of insurance.

The sole question in the case is whether plaintiff was restricted to the levy of assessments equaling, in sum total, but not exceeding, the amount of one annual premium, or was the policy a continuing one from year to year, limited, however, to a maximum term of five years, during each of which defendant could be assessed for an amount not exceeding the premium for that year. It is conceded that defendant was to pay an annual premium of $21.25 during the life of the policy. The trial judge held that inasmuch as the meaning of the policy provisions was ambiguous, the policy must be construed most strongly against the insurer and most favorably to the insured, and that defendant, having paid an extra assessment for one year, was exempted from further assessments during the remaining years the policy had to run. The amount of plaintiff's claim is very small, but an appeal was allowed to this court on the showing that the same question is involved in a very large number of other policies, and that the aggregate amount claimed runs into a substantial sum.

The great weight of authority supports the application of the principle of strict construction of ambiguous language in favor of the insured in a mutual insurance company. *Smith* v. *Cigarmakers' International Union,* 203 Mich. 249; 1 Couch, Cyc. of Insurance Law, pp. 339, 414, and 415. This presumption will not be given effect, however, when such a contract violates the provisions of the statutes governing such policies. 1 Couch, Cyc. of Insurance Law, pp. 356, 357. 3 Comp. Laws 1929, § 12660, provides in part as follows:

"The policies shall provide for a premium or premium deposit payable in cash and, except as herein provided, for a contingent premium at least

equal to the premium or premium deposit.   *   *   *
If at any time the admitted assets are less than the
reserve and other liabilities, the company shall im-
mediately collect upon policies with a contingent
premium a sufficient proportionate part thereof to
restore such assets, provided no member shall be
liable for any part of such contingent premium in
excess of the amount demanded within one year
after the termination of the policy.''

3 Comp. Laws 1929, § 12663, also provides for the
making of assessments upon the members of mutual
companies.   A reading of the first sentence of 3
Comp. Laws 1929, § 12660, is convincing of the fact
that the legislative intent was to require a liability
for assessments at least equal to the premiums paid.
Any other conclusion results in a fluctuating and
disproportionate liability among policyholders, de-
termined by the length of the term fixed by their
contracts, a result which it is doubtful that the legis-
lature intended.   In *Russell* v. *Berry,* 51 Mich. 287,
it was held that the statutory liability of persons
insured in mutual insurance companies cannot be
avoided by any arrangement entered into with the
company whereby such liability is limited, nor can
it be lessened by any provisions in the articles of .
association.   See, also, *Stark* v. *Sovereign Camp,
W. W.,* 189 Ky. 719 (225 S. W. 1063); *Morgan* v.
*Hog Raisers' Mutual Ins. Co.,* 62 Neb. 446 (87 N.
W. 145).   Even assuming that an ambiguity exists
in the wording of the policy, the rule that it must .
then be construed most favorably to the insured
cannot be invoked if by so doing the provisions of
the statute are violated.   Such ambiguities will be
resolved on the assumption that the intention of the
drafters was to comply with the requirements of the
law, which, in this case, calls for yearly assess-

ments, if the necessity should arise, so long as the assessment for any year does not exceed that year's premium.

For this reason, the judgment is reversed, and the case remanded to the lower court for the purpose of entering judgment in favor of plaintiff for the amount of the assessment. Inasmuch as the question raised is one of public importance and also involves the construction of a statute, no costs will be allowed to plaintiff.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.