FARMERS & MERCHANTS INSURANCE COMPANY V. GILBERT L. WIARD, ET AL.

FILED DECEMBER 19, 1899.    No. 9,060.

1. **Insurance: Loss: UNMATURED PREMIUM NOTE.** A policy of fire insurance stipulated that it should be suspended and rendered inoperative, and of no force, during the time the premium note, or any part thereof, remained overdue and unpaid. That the note remained unpaid at the time the insured property was destroyed by fire will not defeat a recovery on the policy in case the note had not then matured.

2. ——: ——: **BREACH OF CONTRACT: PLEADING.** Where the insurer relies upon a stipulation in a policy to defeat a recovery, it must plead affirmatively a breach thereof as a defense.

3. ——: **PREMIUM NOTE.** A premium note executed by the insured is a sufficient consideration for the policy.

4. ——: **APPLICATION: RATIFICATION BY INSURER.** The evidence is sufficient to show that the application for insurance was not written by the agent of the insured, and that the company accepting the application and premium note ratified the act of the person who prepared and forwarded the same.

5. ———: NOTICE TO AGENT. Notice to an agent is notice to his principal.

6. Constitutional Law: PRESENTING QUESTION. A party desiring the court to pass upon the constitutionality of a statute should point out in his brief the section of the constitution which he claims the law infringes.

ERROR from the district court of Holt county. Tried below before WESTOVER, J. *Affirmed.*

*Halleck F. Rose, Wellington H. England* and *Joseph Wurzburg,* for plaintiff in error.

*M. F. Harrington, contra.*

NORVAL, J.

On June 2, 1892, the Farmers & Merchants Insurance Company, upon a written application therefor of Gilbert L. Wiard, of Holt county, issued to him a policy of insurance upon his dwelling-house and household goods contained therein, and other personal property. The insured, in payment of the premium on the policy, gave to the company his promissory note for $28.50, due January 1, 1893. The dwelling and some of the household goods therein were wholly destroyed by fire in July, 1892. The policy was assigned to the Exchange Bank as security for an indebtedness owing by Wiard to the bank. The company having denied a liability, the insured and the bank brought an action upon the policy in the county court, and recovered judgment. On appeal by defendant, they obtained judgment in the district court, which is before us for review.

The premium note had not been paid at the time the loss occurred; but that fact could not defeat a recovery, since the note had not matured at the time of the fire, and the policy merely provided that it should be suspended and rendered inoperative and of no force and effect during the time such premium note, or any part thereof, remained overdue and unpaid. Moreover, this provision

of the policy was not pleaded as a defense by the company. It is true the plaintiffs set out a copy of the policy in their petition, and averred that the same was issued upon a valuable consideration. The answer expressly denies this allegation; but that did not tender an issue relative to the premium note being unpaid, or whether the policy was invalidated by reason of such non-payment. The giving of the note was a sufficient consideration for the issuance of the policy in question.

The policy was issued upon the written application of the insured stating that the property was incumbered to the amount of $1,800, due in 1893. The policy stipulated that it was based upon the representation contained in the application, that, if the property was or should thereafter become mortgaged or incumbered, or upon the commencement of foreclosure proceedings, it should render the policy void. It was shown that at the time the application for insurance was made and the risk was written, in addition to the $1,800 incumbrance mentioned in the application, there were two other mortgage liens on the premises insured, one for $600 and the other for $270, of which no mention was made in the application, and that a decree had then been entered foreclosing the mortgages. It is contended that the existence of the mortgages not having been specified in the application, and the entry of the decree of foreclosure, rendered the policy inoperative and void. The contention of the plaintiffs is that the agent who wrote the application at the time had knowledge of all of said facts, and the company ratified the same by retaining the application and premium note and issuing the policy. One Hart was the duly authorized soliciting agent of the defendant at Atkinson. A Mr. Crossman had the agency for another insurance company, which did not write farm risks. The two occupied the same office or building. At times Hart would write applications for a policy in Crossman's company, and the latter would also take an application for Hart in the defendant company, and they would divide the commis-

sion. Crossman prepared the application on which the policy in suit was issued, and had knowledge of the incumbrances on the property, and the existence of the foreclosure proceedings. The defendant, having accepted the application and premium note, ratified the act of Crossman in taking the same. In that transaction he was the agent of the defendant, and bound it precisely to the same extent as though Hart, its regular agent, had prepared and forwarded the application.

It is argued that the company would not have been bound had Hart personally solicited the risk, since he was merely a soliciting agent without power to issue policies. There are decisions of other courts which fully sustain this contention, but, unfortunately for the defendant, this court has decided the point the other way. See *State Ins. Co. of Des Moines v. Jordan*, 29 Nebr., 514; *Dwelling-House Ins. Co. v. Weikel*, 33 Nebr., 668; *German-American Ins. Co. v. Hart*, 43 Nebr., 441; *German Ins. Co. v. Rounds*, 35 Nebr., 752; *Home Fire Ins. Co. v. Fallon*, 45 Nebr., 554.

The judgment included an allowance of $125 as fees for plaintiff's attorney. It is finally insisted that the provision of the statute allowing attorney's fees is unconstitutional and void. We are not advised of the section or provision of the fundamental law which it is claimed the statute infringes which authorizes the award of attorney's fees to the plaintiff against an insurance company; therefore, the question can not now be determined. See *Boyes v. Summers*, 46 Nebr., 308. The judgment is

AFFIRMED.