JOHN FOSTER, APPELLANT, v. CITY OF LINCOLN ET AL., APPELLEES.

FILED JANUARY 13, 1922.   No. 21711.

Appeal: ISSUES. The issues as framed in the trial court, and upon which the cause was tried, are binding upon the parties in the case, on appeal to this court.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*W. B. Comstock* and *J. S. McCarty,* for appellant.

*C. Petrus Peterson, Charles R. Wilke, R. A. Boehmer* and *Hall, Baird & Williams, contra.*

Heard before LETTON, DAY and DEAN, JJ., BLACKLEDGE and TEWELL, District Judges.

BLACKLEDGE, District Judge.

The proposition urged in the argument and principally relied upon in the briefs as constituting error is that the court erred in not submitting to the jury the question of the joint negligence of the city of Lincoln and the code-fendant Lincoln Telephone & Telegraph Company. It is not disputed that the plaintiff was an employee of the Lincoln Telephone & Telegraph Company and sustained injury in the course of his employment, and at or before the commencement of this suit was receiving compensation from his employer under the provisions of the workmen's compensation act. He states in his petition the amount of compensation he has received and that the Lincoln Telephone & Telegraph Company declines to bring this suit against the city of Lincoln, the third person. The petition further alleges that "the injuries hereinbefore complained of were occasioned wholly by and on account of the negligence and carelessness of the defendant city of Lincoln." Plaintiff prays for judgment against the city of Lincoln only, and that out of any sums so recovered the defendant Lincoln Telephone & Telegraph Company be paid the sum paid by it to plaintiff as compensation. Under these allegations it was entirely proper that the trial court should not submit the question of the joint negligence of the two defendants.

It is urged in the brief that it was negligence of the · city in maintaining its insufficiently insulated wires near the wires of the telephone company, and also the negligence of the telephone company in maintaining its wires near the heavily charged wires of the city which caused the injury, and that these two concurrent causes acting separately and independently concurred in causing the accident, and the two constituted a proximate cause of

the accident. This contention, for reasons already stated, is not supported by the allegations of the petition, and no amendment thereof was obtained or requested. The question of the sufficiency of the insulation of the city's wires was submitted by the court's instructions as to negligence on the part of the city.

It is also contended that the court misstated the issues in reference to the plaintiff's reply as to the condition or construction by the city of its system of poles and wires, but, while the statement in the instruction in reference thereto may appear, upon critical examination by lawyers, to be a little broad, we are satisfied that it could not mislead the jury, and that the purport of it, as it was intended by the court and must have been reasonably understood by the jury, was to the effect that the description as to the general construction and relative locations of the two systems of wires was admitted by the parties, and not in dispute.

Finding no prejudicial error, the judgment is

AFFIRMED.