HYACINTHE W. STRATTON, APPELLEE, V. SERVICE LIFE INSURANCE COMPANY, APPELLANT.

FILED NOVEMBER 28, 1928. No. 26140.

686

*Allen & Requartte,* for appellant.

*Slama & Donato, contra.*

Heard before GOSS, C. J., ROSE, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

REDICK, District Judge.

The action is brought to recover upon an insurance policy issued by defendant to Lee H. Stratton, by Hyacinthe W. Stratton, widow and beneficiary. The petition alleged the issuance and delivery of the policy and payment of the first year's premium, $195.75, and that assured died January 17, 1927. It was then alleged that on the 3d day of March, 1926, said Lee H. Stratton paid the annual premium on said policy, and that all conditions of the contract had been performed; that proofs of loss had been made, but that defendant refused to pay. A copy of the policy and application therefor, which was made a part of the contract, was attached to the petition and made a part thereof.

The defendant answered, admitting the issuance of the policy, the death of the insured, proofs of loss and rejection of the claim, and made the following denial: "Defendant denies each and every allegation and averment in plaintiff's petition except as herein, expressly admitted to be true." The answer then proceeded, under the heading "Defendant's Affirmative Defense," and alleged that the policy was procured by fraud, in that insured, in his written application, made a number of statements as to his present and previous condition of health which he knew to be false, upon which defendant relied in issuing the policy. The answer then contained the following allegations:

"12. That plaintiff had paid in his lifetime on said policy premiums in the sum of $336.55; that said sum with

interest has been tendered to the beneficiary and refused and defendant again tenders said amount into court."

"That by reason of the statements, representations and warranties hereinbefore set forth, the defendant was and is totally exempt from any and all liability to the beneficiary named in the said policy sued on, on account of the death of said Lee H. Stratton, which was and is directly traceable to the condition of his health at and prior to the time the policy herein was issued."

The prayer was as follows:

"Wherefore defendant prays that plaintiff's petition may be dismissed, and that it may have judgment against the plaintiff for its costs herein, and that it be determined by the court that the defendant is exempt from liability to said beneficiary under said policy herein sued on."

The plaintiff thereupon filed a motion for judgment in her favor on the pleadings, on the ground that the answer failed to state a defense, which motion was sustained by the court and judgment rendered for the full amount of the policy with interest, $5,145, and $350 attorney's fee. Defendant excepted and brings the cause to this court, making four assignments of error, but which present only two questions for our determination:

(1) That by the general denial of the answer, the allegation of the petition that the premium for the second year had been paid was put in issue and that the court therefore erred in sustaining the motion. We think this assignment is not well taken. If the answer had consisted merely of a general denial, thereby putting in issue the existence of the policy, the position of defendant would probably be correct; but where the existence of the policy at one time is admitted, and defendant seeks to avoid liability by the breach of some condition in the policy thereafter occurring, the defense is in the nature of a forfeiture, and it is incumbent upon the defendant to specially plead the condition and breach. *Sharpe v. Grand Lodge, A. O. U. W.,* 108 Neb. 193; *Farmers & Merchants Ins. Co. v. Newman,* 58 Neb. 504; *World Mutual Benefit Ass'n v. Worthing,* 59

Neb. 587; *Pickett v. Fidelity & Casualty Co.*, 60 S. Car. 477; *Helvetia Swiss Fire Ins. Co. v. Allis Co.*, 11 Colo. App. 264; *National Mutual Fire Ins. Co. v. Sprague*, 40 Colo. 344; *Harris v. Security Life Ins. Co.*, 248 Mo. 304; *Globe Mutual Life Ins. Ass'n v. March*, 118 Ill. App. 261. Where the allegation was that the policy was issued for a valuable consideration and the answer expressly denied this allegation, it was held this "did not tender an issue relative to the premium note being unpaid, or whether the policy was invalidated by reason of such nonpayment." "Where the insurer relies upon a stipulation in a policy to defeat a recovery it must plead affirmatively a breach thereof as a defense." *Farmers & Merchants Ins. Co. v. Wiard*, 59 Neb. 451. Where petition alleged performance of all conditions and answer denied the same but did not specify any breaches, it was held insufficient. *Pickett v. Fidelity & Casualty Co.*, 60 S. Car. 477. The defense sought to be interposed by the general denial is that, by reason of failure to pay the full second year premium, the policy had lapsed, and was no longer in force. This was an affirmative defense depending upon a breach of some condition of the policy and should have been specially pleaded. Again, it is very doubtful, applying the rule that the allegations are to be taken most strongly against the pleader, whether payment of the premium is denied. There are no facts pleaded or lapse alleged; the answer simply alleges the payment of $336.55 in connection with a tender of that sum to the beneficiary, and sets forth as the only reason why it should be exempt from liability the falsity of the statements and warranties in the application; this without any suggestion as to the insufficiency of that amount.

But there is another reason why defendant may not insist upon this assignment of error in this court, from the fact that this particular question was not argued and presented to the district court upon argument of the motion for judgment. This fact is stated in brief of appellee, and not denied by appellant, except by insistence that the question was presented by the pleadings. The statement

in the brief, however, is borne out by the opinion of the district judge set out in the brief of appellee, in which opinion no reference is made to the question under discussion. It is too well settled in this jurisdiction to require citation of authorities that upon appeal this court will not consider questions not presented to the lower court, and that the issues upon which the cause was there tried are binding upon the parties upon appeal to this court. *Foster v. City of Lincoln,* 107 Neb. 404.

(2) That the answer set up a good defense on account of the fraud in the inception of the policy. In compliance with the requirements of the statute of Nebraska, section 7837, Comp. St. 1922, as amended by chapter 121, Laws 1925, the policy in question contained the following provision:

"This policy and the application therefor constitute the entire contract between the insured and the company and shall be incontestable after one year from date hereof, except for the nonpayment of premiums. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall avoid the policy unless it is contained in the written application therefor, a copy of which is attached hereto. If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

It is argued by defendant that by the second sentence of said clause the right is reserved to the insurance company, at any time, to defend on the ground that the policy had been fraudulently obtained. We think not. The language of this clause is not precisely that of the statute which reads as follows:

"No policy of life or endowment insurance, except policies of industrial insurance or where the premiums are payable monthly or oftener, shall be issued or delivered in this state unless it contains in substance the following provisions: * * *

"4. A provision that all statements made by the insured

shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application, and a copy of such application shall be indorsed upon or attached to the policy when issued; and

"5. A provision that the policy shall be incontestable after * * * two years from its date, except for nonpayment of premiums, and except for violations of the conditions of the policy relating to naval and military service in time of war." Laws 1925, ch. 121.

It will be noted that the statute required that the policy be incontestable after two years from its date, whereas the policy makes it one year. This difference will be referred to later. If there is any difference in the legal effect of the provisions of the statute and those of the policy, the defendant would be in no position to take advantage thereof, but is bound by the terms of its contract as made, and it does not attempt to make any distinction. But defendant argues that paragraph 4, above quoted, reserves the defense of fraud in the procurement of the policy. To adopt this construction would require the insertion in paragraph 5 of an additional exception, which contains but two, (a) nonpayment of premiums, and (b) violation of conditions relating to naval and military service in time of war. The two sections must be construed together in order that both may stand. If we adopt the construction insisted upon by defendant we enlarge the specific exceptions of paragraph 5. This we cannot do. Section 4 merely provides that all statements and representations of assured shall not be considered warranties, in the absence of fraud, while section 5 provides that the policy shall be incontestable after two years, except as to certain matters, not including fraud. We think the two year limitation applies to every other defense than those excepted or otherwise provided for and fixes a period after which those other defenses shall not be available. The provision as to fraud is in full force during the limitation of one year, the effect of which is to require the insurer to make such

investigation as he desires with reference thereto, and take proper steps to cancel or rescind the policy within the period of limitation, failing which the policy will be incontestable on that ground. *Metropolitan Life Ins. Co. v. Peeler*, 71 Okla. 238. By this construction all provisions of the statute are reconciled and given force.

It is not contended that such a provision of incontestability is beyond the competence of the legislature; in fact, similar provisions have been uniformly sustained by the courts of many different states. *Metropolitan Life Ins. Co. v. Peeler, supra,* where many of the cases are cited; also reported in 6 A. L. R. 441, containing a valuable annotation at pages 453-456. See, also, 14 R. C. L. 1199, sec. 380, where it is said: "The general rule is that a provision in a contract of insurance limiting the time in which the insurer may take advantage of certain facts that might otherwise constitute a good defense to its liability on such contract precludes every defense to the policy other than the defenses excepted in the provision itself, including false answers in the application, and even fraud where the time fixed by the contract is not unreasonably short"—citing cases.

Defendant cites *Welch v. Union Central Life Ins. Co.,* 108 Ia. 224, as parallel to the present case, but there was no limitation in the policy there considered within which the defense of fraud could be made. Moreover, the contract provided that the facts stated in the application are warranted to be true, and a subsequent clause provided that, "except as hereinbefore provided, the policy shall be incontestable for any cause except misstatement of age," and it was held that the defense of fraud was thereby preserved. The case recognizes the general rule that, where the contract provided it should be incontestable after a specified time, the defense of fraud would be thereby shut out, saying: "Such stipulations did not condone the fraud, but limited the insurer to a time within which it might assert the fraud as against the contract. In these cases the right to defend on the ground of fraud within the time

692

agreed upon is recognized"—citing *Wright v. Mutual Benefit Ass'n*, 43 Hun (N. Y.) 61; *Massachusetts Benefit Life Ass'n v. Robinson*, 104 Ga. 256. Cases cited by defendant to the effect that fraud is not excluded by an incontestable clause operating from the date of the policy have no application here; such cases are *Reagan v. Union Mutual Life Ins. Co.*, 189 Mass. 555, and *New York Life Ins. Co. v. Weaver's Adm'r.*, 114 Ky. 195.

The voluntary reduction by defendant from two years to one was within the competency of the parties to the contract, and has been held analogous to those cases where the doctrine is announced that the parties may contract for a period of limitations within which action may be brought less than that provided by general statute. *Southern Union Life Ins. Co. v. White*, 188 S. W. (Tex. Civ. App.) 266; *Metropolitan Life Ins. Co. v. Peeler*, 71 Okla. 238; *Citizens Life Ins. Co. v. McClure*, 138 Ky. 138.

The construction we have adopted would not require us to hold, as suggested by defendant, that defense for misstatement of age could only be made in one year, for the reason that the contract specifically provides for that situation.

In conclusion, we hold that the period of one year is a reasonable limitation for contesting the policy for fraud, that the defense that the policy lapsed for nonpayment of premium is not presented by the answer, and that the motion for judgment on the pleadings was properly sustained.

AFFIRMED.