ROY LEHNHERR, APPELLANT, V. NATIONAL ACCIDENT INSURANCE COMPANY, APPELLEE.

FILED FEBRUARY 21, 1934. No. 28771.

*F. A. Hebenstreit,* for appellant.

*J. H. Falloon, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

EBERLY, J.

This action was originally commenced by Roy Lehnherr in the county court of Richardson county upon a policy of accident insurance issued by the defendant to plaintiff. It appears that from a judgment entered in the county court of Richardson county an appeal was prosecuted to the district court for the same county. Here, by stipulation of the parties, the cause was tried to the court on the original pleadings as filed in the county court, a jury being expressly waived. The petition, it may be said, pleaded according to legal effect the issuance, delivery, and terms of the policy, the happening of the accident insured against, the damages occasioned thereby, and the refusal of the company to pay, followed by an appropriate prayer. As to the performance of the conditions of the policy, it is alleged in the petition: "That the said plaintiff has performed all the conditions and provisions as set out in said policy." To this the defendant filed a general denial, the only allegation contained therein being: "Comes now the defendant and denies each and every allegation contained in the petition of the plaintiff."

At the opening of this trial in the district court a further stipulation was entered into, with reference to the insurance policy in suit, in the following form, viz.: "It is further stipulated that the defendant company made and issued to Roy Lehnherr policy No. 23,647 and that the same was in full force and effect at all times during the controversy and that the said policy may be received in evidence." Thereupon the original policy in suit, identified as exhibit 1, was received in evidence. The plaintiff then proceeded with the introduction of evidence, at the close of which the defendant, by its attorney, demurred

to the evidence, "on the ground the testimony offered by the plaintiff does not prove a cause of action under the terms of the policy which they have introduced in evidence." The trial court sustained this demurrer, and dismissed the action, expressly on the ground "that the conditions of the policy were not complied with by the plaintiff in that no notice of the injury was given by the plaintiff to the defendant company within twenty days or within a reasonable time after the injury to the plaintiff occurred." Thereupon plaintiff filed his motion for a new trial, which was overruled, and he now prosecutes his appeal.

It may be said in passing that the policy in suit contained two provisions relative to notice of injury, which are therein set forth in the following terms:

"Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury.

"Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the company at its home office, Lincoln, Nebraska, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

Thus, the ultimate question here presented is: Does the evidence adduced establish the cause of action set forth in the petition, in view of the issues submitted by the pleadings of the respective parties to the trial court for determination?

The defendant, in effect, contends that the giving of notice of injury within twenty days, or a reasonable time thereafter, as provided by the terms of the policy in suit already quoted, constituted an express condition precedent to the liability of the insurer; and that, due performance

of all conditions contained in the policy having been alleged generally by plaintiff, defendant's general denial thereof made up an issue and imposed on plaintiff the burden of establishing the affirmative, which the latter had failed to sustain.

Conceding that the duty to give notice of the injury is imposed on plaintiff by the terms of his insurance contract, and that the same constitutes a condition precedent, still the contentions of defendant are not well founded. By statute in this state the rule of pleading on this subject is: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part." Comp. St. 1929, sec. 20-836.

It is not questioned but that plaintiff in the instant case has substantially complied with this provision. But the only issue tendered by defendant to meet plaintiff's allegation was in the terms of a general denial. This was insufficient to make up the issue on which it now relies, or to support the judgment of the trial court.

"In jurisdictions where it is sufficient for plaintiff to allege generally the performance of all conditions precedent, it is incumbent upon defendant to deny specifically the performance of the particular condition relied upon as a defense." 14 Standard Ency. of Procedure, 59. See, also, Ostrander, Fire Insurance (2d ed.) sec. 415; 3 Bancroft, Code Pleading, sec. 1597.

It will be remembered that the purpose of the statute is to simplify pleading, and only by requiring the defendant to set forth the particular condition which is relied on as a defense may the plaintiff be advised of the exact defense he will be required to meet, and the trial court informed as to the exact issue to be determined. Accordingly, under statutes similar in terms to our own, the practice seems to be that "The facts constituting the breach of condition relied on as a defense must be alleged with sufficient particularity and certainty to show *prima facie* a breach." 14 Standard Ency. of Procedure, 59.

See, also, *United States Casualty Co. v. Hanson*, 20 Colo. App. 393; *Hoffecker & Bro. v. New Castle County Mutual Ins. Co.*, 5 Houst. (Del.) 101; *Tillis v. Liverpool and London and Globe Ins. Co.*, 46 Fla. 268; *Allen v. Phoenix Assurance Co.*, 12 Idaho, 653; *Gilkey v. Sovereign Camp*, W. O. W., 178 S. W. (Mo. App.) 875; *Dimick v. Metropolitan Life Ins. Co.*, 67 N. J. Law, 367; *Elliott v. Agricultural Ins. Co.*, 3 Atl. (N. J.) 171; *Fischer v. Metropolitan Life Ins. Co.*, 167 N. Y. 178; *Evarts v. United States Mutual Accident Ass'n*, 16 N. Y. Supp. 27; *Queen Ins. Co. v. Excelsior Milling Co.*, 69 Kan. 114; *Johnson v. Woodmen of the World*, 119 Mo. App. 98.

And when the defendant relies upon a breach, which by the terms of the policy works a forfeiture, all the essential facts of the breach must be distinctly stated in the answer and be strictly proved. *Farmers & Merchants Ins. Co. v. Newman*, 58 Neb. 504; *Sharpe v. Grand Lodge*, A. O. U. W., 108 Neb. 193.

In the construction of the Nebraska statute quoted, this jurisdiction was early committed to the rule that, "Where the insurer relies upon a stipulation in a policy to defeat a recovery, it must plead affirmatively a breach thereof as a defense." *Farmers & Merchants Ins. Co. v. Wiard*, 59 Neb. 451.

The case of *Stratton v. Service Life Ins. Co.*, 117 Neb. 685, is instructive on the question now under consideration. This was an action at law on a life insurance policy. The plaintiff's petition may be said to be in the usual form, with a copy of the policy attached as a part thereof, and contained the general allegation that all conditions of the contract had been performed. The answer admitted the issuance of the policy, the death of assured, and proofs of loss, and then contained the further allegation: "Defendant denies each and every allegation and averment in plaintiff's petition except as herein expressly admitted to be true." The defendant actually relied upon an alleged breach of one condition contained in the policy in suit, but failed to plead his defense except as indicated. The

district court thereupon sustained plaintiff's motion for judgment on the pleadings, which, on appeal, was affirmed in this tribunal. One of the reasons on which this decision proceeds was: "Where the issuance of a policy of insurance is admitted, and the insurer relies upon a breach of a condition thereof as a defense, the facts showing such breach must be specially pleaded in the answer."

In the instant case we have essentially the same controlling principle involved. We find a general denial only as defendant's pleading, but accompanied by a specific admission in the record of the issuance of the policy in suit, and that it was in full force and effect at all times during the controversy. The proof in the record is that the accident actually occurred, and that the plaintiff sustained a compensable injury, the result of which, entitling the assured to reimbursement, is fully established. The defendant actually relies upon failure to perform a condition which amounts to a breach of the policy, as constituting his defense, but he has failed to comply with the rule that "the facts showing such breach must be specially pleaded in the answer." This defense therefore may not be considered. Obviously, on the issue in fact made by the pleading, the evidence plainly sustained the right of plaintiff to recover, and the district court erred in sustaining the demurrer to the evidence.

The defense on which the defendant relies was not pleaded, and "a defense not pleaded cannot be considered in the decision of the case." *World Mutual Benefit Ass'n v. Worthing,* 59 Neb. 587.

In view of the technical nature of the proceeding now before us, the rule applicable to the situation presented by this record is: "If the defendant fails to set up a condition precedent and its breach by the plaintiff, this defense is waived." 11 Standard Ency. of Procedure, 1019. See, also, *Kahnweiler v. Phenix Ins. Co.,* 67 Fed. 483; *Philip Schneider Brewing Co. v. American Ice-Machine Co.,* 77 Fed. 138; *Mutual Life Ins. Co. v. Dingley,* 100 Fed. 408.

We have not overlooked plaintiff's contention that the instant case is within the provisions of section 44-322, Comp. St. 1929, and that the evidence wholly fails to show that the breach of the condition contributed to the loss. Obviously, the determination that the claimed breach of the condition has not been pleaded, as required by our statute, and is therefore waived, wholly eliminates this contention from consideration. The question involved in the statute last referred to is not presented by the record now before us, and as the case will necessarily be retried on the same issues that were originally submitted to the county court, any expression of opinion thereon would accomplish no legitimate purpose.

It follows that the district court erred in sustaining the demurrer to the evidence. Its judgment is therefore reversed and the cause remanded for further action in harmony with this opinion.

REVERSED.