MATTHEW J. GREEVY, ADMINISTRATOR, APPELLANT, V. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, APPELLEE.

FILED MARCH 26, 1935. No. 29175.

*Edith Beckman,* for appellant.

*Brown, Fitch & West, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

ROSE, J.

This is an action at law to recover alleged unpaid proceeds of a life insurance policy issued to Edwin N. Greevy, insured, October 3, 1917. His mother, Addie M. Greevy, was a beneficiary. When the policy was in force August 2, 1929, insured was killed in an airplane accident. His mother died October 25, 1930. Matthew J. Greevy, administrator of the estate of Addie M. Greevy, deceased beneficiary, is plaintiff and Massachusetts Mutual Life Insurance Company, insurer, is defendant. Plaintiff demanded judgment for $1,296.37 as unpaid proceeds of the insurance policy and defendant offered to pay $101.16 as the amount due. From a judgment rejecting all of plaintiff's claim except· $101.16, which was allowed, plaintiff appealed.

The petition contained the plea that there was due the beneficiary upon the death of insured unpaid insurance in the sum of $1,455.69 and that insurer paid her during her life $159.32, leaving an unpaid balance of $1,296.37.

The answer of defendant admitted there was due Addie M. Greevy, beneficiary, at the time of insured's death $1,455.69, but alleged that thereafter, August 22, 1929, she requested optional methods of settlement and, August 26, 1929, entered into a supplemental agreement with insurer, providing for monthly instalments of $11.38 payable to her from August 12, 1929, during her life; that the monthly payments were to continue until the end of the last annuity year; that insurer paid 15 monthly instal-

ments of $11.38 each and that monthly payments amounting to $101.16 remain unpaid, a sum tendered to the administrator.

In a reply to the answer plaintiff alleged that the supplemental agreement violated the statute forbidding the issuance of a life insurance policy containing "A provision by which the settlement at the maturity of any policy after the expiration of the contestable period thereof, shall be of less value than the amount promised on the face of the policy plus dividend additions, if any, less any indebtedness to the company on or secured by the policy, and less any premium that may, by the terms of the policy, be deducted." Comp. St. 1929, sec. 44-603. It was alleged further in the reply that the beneficiary was mentally incompetent to request optional methods of settlement and to enter into the supplemental agreement and that those instruments were procured by duress of insurer.

At the close of the evidence each side moved for a peremptory instruction to the jury. In this situation the trial court determined the issues of fact in favor of insurer, defendant, under the following rule:

"Where both plaintiff and defendant in an action at law move for a peremptory instruction at the close of all the evidence, the trial court may excuse the jury and determine the issues by findings equivalent to the verdict of a jury." *Andrews v. Commercial Casualty Ins. Co., ante,* p. 496.

It follows that findings in favor of defendant are not reversible on appeal unless clearly wrong. Plaintiff argues that the settlement or supplemental agreement violates public policy as declared by the statute. The point does not seem to be well taken. The restrictions imposed by the statutory provisions quoted apply to the terms of the policy, not to a settlement for a life annuity after liability for a definite amount of life insurance accrued. In the case at bar the parties agree on the exact amount due the beneficiary at the time of insured's death. Whether full payment should be made in a lump sum in currency

or in the form of a life annuity was the subject-matter of negotiations resulting in the supplemental agreement. With the unpaid proceeds of the insurance, the beneficiary had a right to enter into a contract for a life annuity. The insurer was engaged in the business of selling annuities and had in its hands belonging to the beneficiary the purchase price of a life annuity. The terms of what amounted to the sale and purchase of a life annuity were stated in the supplemental agreement. Responsible insurers and men of affairs are constantly entering into contracts for annuities on recognized principles. Responsibility for investments may be thus transferred from inexperienced individuals to capitalized corporations utilizing the services of experts in finance. The supplemental agreement is fair on its face and does not conflict with the statute.

An examination of the record from every standpoint shows that the findings and judgment of the district court are fully sustained by the evidence. The issuance of the policy, the facts showing the liability of insurer for the stipulated life insurance, the request of the beneficiary for optional methods of settlement and the execution of the supplemental agreement were admitted or proved. The parties agreed on the amount due upon the death of insured and the evidence tends to prove that insurer issued a check therefor; that the beneficiary declined to accept the check and in lieu thereof entered into the contract for a life annuity, payable in monthly instalments of $11.38 each; that she accepted such payments for 15 months; that insurer tendered to the administrator $101.16 for the remainder of the last annuity year.

In contracting for monthly payments the beneficiary escaped individual responsibility for the safe-keeping or investment of her insurance fund and secured for herself a monthly income during her life. The insurer assumed responsibility for investment of the insurance fund and ran the risk of the beneficiary living beyond her · expectancy of life as shown by mortality tables. These are

legitimate factors in both life insurance and life annuities. The evidence does not prove fraud in the execution or terms of the supplemental agreement.

Findings of the trial court in favor of defendant on the issues of mental incompetency of the beneficiary and of duress on the part of insurer are fully sustained by the evidence. Error in the proceedings and judgment below does not affirmatively appear in the record.

AFFIRMED.