FARMERS & BANKERS LIFE INSURANCE COMPANY, APPELLANT, V. MARLENE MATHERS ET AL., APPELLEES.
284 N. W. 286

FILED FEBRUARY 17, 1939. No. 30467.

*Raymond W. McNamara* and *Jochems, Sargent & Blaes,* for appellant.

*Burkett & Robinson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

The Farmers & Bankers Life Insurance Company, plaintiff, brought this suit to cancel a 1,000-dollar life insurance policy issued by it September 5, 1936, to Dorothy B. Mathers, insured, the beneficiary being her minor daughter, Marlene Mathers. Insured died December 4, 1936. Defendants are the beneficiary and her father and guardian, Lawrence Mathers.

The petition alleged among other things that insured issued the policy, received the premium, and agreed to pay the beneficiary $1,000 upon proof of insured's death; that the policy is in form "Non-medical," which is issued upon the written application and the questions and answers therein in lieu of a physical examination; that insured in her application for insurance, without the knowledge of insurer or its agents or its officers, knowingly made the false and fraudulent statement that she was in good health, and stated other falsehoods pertaining to her health, physical condition, habits and family history for the purpose of inducing plaintiff to insure her; that, contrary to her state-

ments in the application, she had not been in good health since 1928, having suffered continuously with goiter, for which two operations had been performed; that she died the day after the third operation for goiter; that she had been otherwise in poor health; that plaintiff relied on the false statements in her application for insurance; that otherwise, had the facts been stated truthfully in the application, the policy would not have been issued. The application and the policy are parts of the petition.

In an answer and cross-petition on the policy to recover the insurance, the fraud imputed to insured was denied by defendants and judgment for the insurance demanded. In a reply to the cross-petition, there was an affirmative plea for the cancelation of the policy and for a dismissal of the cross-petition.

Upon a trial of the cause, the jury returned a verdict for $1,054.50 in favor of defendants on the cross-petition. From a judgment therefor and from the allowance of an attorney fee of $500 in favor of defendants, plaintiff appealed to the supreme court.

On appeal plaintiff insists the application and the policy contain the condition precedent that the insurance does not go into effect, if the applicant for it is not in good health when the policy is issued, and that her poor health at that time and formerly was established by uncontradicted evidence. In this connection it is argued that the trial court ignored the condition precedent and committed prejudicial error in refusing to direct a verdict for plaintiff and in overruling a motion for judgment in its favor notwithstanding the verdict. The position thus taken is untenable for the following reasons: Plaintiff did not affirmatively plead a condition precedent. The failure to do so was a waiver of it. The petition itself waived condition precedent as an issue. It was not pleaded by plaintiff as a ground for cancelation of the policy nor as a defense to the cross-petition of defendants for insurance. Since it was waived by plaintiff, defendants were not called upon to plead a waiver and did not. The law in Nebraska is:

"Where the insurer relies upon a stipulation in a policy to defeat a recovery, it must plead affirmatively a breach thereof as a defense." *Farmers & Merchants Ins. Co. v. Wiard*, 59 Neb. 451, 81 N. W. 312. Approved in *Lehnherr v. National Accident Ins. Co.*, 126 Neb. 199, 252 N. W. 823.

Insurer, under the cross-petition for insurance, was in the attitude of a defendant and was bound by the following rule of law:

"If the defendant insurance company fails to set up a condition precedent contained in the insurance policy in suit, and fails to allege its breach by the plaintiff, such defense is waived." *Lehnherr v. National Accident Ins. Co.*, 126 Neb. 199, 252 N. W. 823.

The trial court, therefore, did not err in omitting to submit to the jury or to decide the question of fact relating to the condition precedent, since it was not put in issue by the pleadings.

The only issue raised by the pleadings, tried by the parties and submitted to the jury was raised by the charges of fraud in the procuring of the insurance and the denial of the alleged fraud. The evidence on this issue was conflicting, but the preponderance was clearly in favor of defendants. The jury were at liberty to find from the evidence the following facts: In the transactions between insurer and insured, P. B. Craven was the authorized agent of insurer. He called on Dorothy B. Mathers and in the presence of others solicited insurance and wrote the answers to the questions in an application which he furnished. Insured told him in advance that she did not think she could pass a physical examination for insurance; that she had goiter and had operations for it. He said he had a policy that did not require a physical examination. He asked or omitted to ask questions in the application. She did not tell him she was in good health. She told him the truth about her health and goiter and operations and other subjects of inquiry. Craven wrote in the application the false answers indicating she was an insurable risk, handed the application to her and asked her to sign it. She did so without knowing

that falsehoods had been inserted instead of her truthful answers to questions. The scars of surgery for goiter were then on the applicant's neck. The person who committed the fraud was the agent of insurer and his fraudulent acts were the acts of insurer. *Farmers & Merchants Ins. Co. v. Wiard*, 59 Neb. 451, 81 N. W. 312.

The verdict has abundant support in the evidence on the only issue of fact for the determination of the jury.

Complaint is made because the verdict was received without requiring findings in answer to special interrogatories. In view of the conclusions reached on the pleadings and on the controlling question of fact, the unanswered interrogatories were immaterial.

The attorney's fee of $500, however, seems to be excessive in view of the amount involved in litigation and the nature and extent of the professional services required and performed. The fee allowed in the district court is reduced to $200 and an attorney's fee of $100 for services of counsel for defendants in the supreme court will be taxed as costs, the costs in both courts to be paid by plaintiff. In other respects error prejudicial to plaintiff has not been found in the record. The judgment for insurance is

AFFIRMED.