STATE, EX REL. REPUBLIC NATIONAL LIFE INSURANCE COMPANY, RELATOR, V. CHARLES SMRHA ET AL., RESPONDENTS.

293 N. W. 372

FILED JULY 19, 1940.   No. 30993.

*Herman Ginsburg,* for relator.

*John S. Logan* and *Peterson & Devoe,* for respondents.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an original action in which the Republic National Life Insurance Company seeks a peremptory writ of mandamus against the director of the department of insurance and the department of insurance itself, to compel the respondents to approve a form of rider which the company intends to add to its life insurance policy forms for the purpose of restricting its liability in the event of the death of the insured as a result of engaging directly or indirectly in any form of aviation. The defendants demurred generally to plaintiff's petition. The only question for determination is whether the petition states a cause of action.

The petition alleges that relator is an insurance corpora-

tion organized under the laws of the state of Texas and authorized to conduct a general life insurance business in the state of Nebraska. Relator alleges that the forms of its insurance policies and certificates heretofore issued or delivered in Nebraska have been approved by the department of insurance as required by section 44-1103, Comp. St. 1929. The petition further states that, in the future, whenever the underwriting investigation made in connection with the issuance of any life policy discloses that the person to be insured "has been or is likely to operate or ride in any kind of aircraft, the relator intends to restrict, limit and exclude its liability for death arising therefrom under such policies; and relator proposes to execute and issue and attach to each such policy to be issued upon the lives of such persons a rider restricting relator's liability in the event of death of the insured resulting directly or indirectly from operating or being in, on, or riding in any kind of an aircraft." Relator alleges that it has submitted such a rider to the department of insurance and its director for approval and that approval has been arbitrarily, capriciously and wrongfully denied. Relator prays that a peremptory writ of mandamus be issued to compel the approval of the proposed rider by the respondents.

It is not questioned that a life insurance policy may lawfully restrict and limit the risk assumed by the insurer in the absence of statutory prohibition. Respondents urge, however, that relator is prohibited by two applicable statutes from limiting its policy as proposed. In this connection section 44-602, Comp. St. 1929, provides in part: "No policy of life or endowment insurance * * * shall be issued or delivered in this state unless it contains in substance the following provisions: * * * 5. A provision that the policy shall be incontestable after it shall have been in force during the lifetime of the insured for two years from its date except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military service in time of war."

The other statute, section 44-603, Comp. St. 1929, pro-

vides: "No policy of life or endowment insurance shall be issued or delivered in this state if it contains in substance: * * * 2. A provision by which the settlement at the maturity of any policy after the expiration of the contestable period thereof, shall be of less value than the amount promised on the face of the policy plus dividend additions, if any, less any indebtedness to the company on or secured by the policy, and less any premium that may, by the terms of the policy be deducted."

The decision in this case must rest squarely upon the interpretation to be given to the two quoted statutes. Relator contends that the provision that a policy should be incontestable after being in force for two years is not a mandate as to coverage or a definition of the hazards to be assumed by the insurance company, and cites *Matter of Metropolitan Life Ins. Co. v. Conway,* 252 N. Y. 449, 169 N. E. 642, and *Pacific Mutual Life Ins. Co. v. Fishback,* 171 Wash. 244, 17 Pac. (2d) 841. We have carefully examined these cases and have come to the conclusion that the better view is to the contrary. The legislature of the state of New York also appears to have disagreed with the interpretation given the New York statute, as is evidenced by the fact that in 1939 the legislature of that state, after the court had held that an insurance company could exclude death caused directly or indirectly from aviation, amended its incontestability statute by adding an exception permitting the exclusion from the coverage of death resulting from aviation under conditions specified in the policy. To us, this is a clear indication that the New York court misconstrued the legislative intent as to the result to be accomplished by the passage of the act.

An interpretation of these statutes requires a consideration of the mischief to be corrected and the remedy provided. The purpose of the legislation was to protect the insurance purchasing public from the practice of contracting to pay a definite sum upon proof of death, and by subsequent provisions subtract from the coverage and the face amount of the insurance contract, thereby affecting a ma-

terial reduction in the amount due, or a complete release from liability. Companies engaging in legitimate insurance business were met in the competitive field by those whose policies contained only a part of the insurance coverage they purported to assume. To meet this unwholesome situation, the legislature required all policies of life insurance issued or delivered in this state to contain certain standard provisions, including the two sections under discussion in the instant case. The first statute, section 44-602, Comp. St. 1929, providing that a life insurance policy shall be incontestable after being in force for two years, except for nonpayment of premiums and the violation of policy conditions relating to naval and military service in time of war, was clearly intended "to create an absolute assurance of the benefit, as free as may be from any dispute of fact except the fact of death." *Northwestern Mutual Life Ins. Co. v. Johnson*, 254 U. S. 96, 41 S. Ct. 47, 65 L. Ed. 155. To place the construction upon the statute contended for by relator would render the statute nugatory in so far as a limitation of the exceptions is concerned. We think that relator is powerless to enlarge the specific exceptions of paragraph 5 of this statute. The two-year limitation applies to every defense other than those excepted or otherwise provided for and fixes a period after which such other defenses shall not be available. *Stratton v. Service Life Ins. Co.*, 117 Neb. 685, 222 N. W. 332. The argument seems very persuasive to us that, as the legislature deemed it necessary to except the conditions relative to nonpayment of premiums and to naval and military service in time of war from the provision making the policy incontestable after two years,— in order that the obligation of the insurer to pay the amount stated on the face of the policy might remain contestable after the expiration of the two years on the ground of violation of the two noted conditions,—the legislature clearly intended to exclude all other conditions which might be asserted as defenses. *Bernier v. Pacific Mutual Life Ins. Co.*, 173 La. 1078, 139 So. 629. The legislature having made only two exceptions in the statute making the policy in-

contestable after two years, the legislative intention is clear that there should be no other exceptions.

The provision of the statute prohibiting settlements of less value than the amount promised by the face of the policy, section 44-603, Comp. St. 1929, was enacted to prevent the substraction of liability and the consequent reduction of the amount to be paid the beneficiary by technical or concealed language in the insurance contract. It purports to make the benefits to be derived from the insurance contract definite and certain upon the death of the insured after the expiration of the contestable period. *Greevy v. Massachusetts Mutual Life Ins. Co.*, 128 Neb. 586, 259 N. W. 656. This brings us to the conclusion that, after the period of contestability has expired, with all premiums paid and no question of naval or military service involved, the sole issue is the death of the insured.

The proffered rider was in the following language: "If any claim shall arise under this policy, or any policy issued in exchange therefor, by reason of the death of the insured and if such death shall have resulted directly or indirectly from operating, or being in or on, or riding in, any kind of aircraft, whether as a passenger or otherwise, the liability of the Company under such policy shall be limited to the reserve less any indebtedness thereunder at the date of death of the insured, any other provision of such policy to the contrary notwithstanding. This limitation of liability shall also apply if this policy or any policy issued in exchange therefor becomes paid up by its terms or is continued in force in accordance with its non-forfeiture provisions. This amendment is attached to and made a part of policy No. ———— of the Republic National Life Insurance Company of Dallas, Texas, upon the life of ————."

The statutes under consideration apply only upon the lapse of the contestable period by their very terms. There are no statutory restraints limiting the coverage or liability in the policy during the contestable period. We doubt not that relator may except the hazard of death caused from aviation from the terms of the policy, and that such an ex-

ception could be enforced if the death of the insured occurred during the contestable period in the same manner as the risk of suicide within two years may not be assumed. The rider tendered to respondents, however, purports to do more than this. It provides that, in case of the death of the insured by participating in aviation, the insurer shall be liable only for the amount of the accumulated reserve. Under the very terms of the policy made a part of the petition, no reserve is set up during the first two years. The insurer therefore absolves itself of any liability in case of death from aviation, and does not even bind itself to pay back the premiums collected. This is a matter, of course, which respondents might well consider. The tendered rider purports to have force during the whole life of the policy, whether it becomes incontestable or not. The respondents will not be required to approve a rider which does not state the exact coverage or liability in concise terms. We think the petition shows that there was ample reason for respondents to refuse to approve the form of the rider. The approval or disapproval of the form is an administrative function of respondents with which we cannot interfere in the absence of allegations charging arbitrary and capricious conduct. The allegations of the petition are insufficient in this respect. Consequently, relator is not entitled to a peremptory writ of mandamus under the facts set out in the petition, and the demurrer to the petition should be sustained. Counsel suggested during the oral argument to the court that the ruling on the demurrer was determinable of the lawsuit, and that this court should proceed to enter its final judgment accordingly. We therefore feel obliged to sustain the demurrer to the petition, deny a peremptory writ of mandamus, and dismiss the action.

WRIT DENIED AND ACTION DISMISSED.